ROSWELL W. BELKNAP *v.* ALBERT BILLINGS.

May Term, 1903.

Present: TYLER, MUNSON, START, WATSON, and STAFFORD, JJ.

Opinion filed November 7, 1903.

*Replication—Special Traverse—Duplicity.*

A replication to a plea of accord and satisfaction which denies that the note set up in the plea was accepted in satisfaction, and alleges that such note was accepted in satisfaction only on condition that it be paid at maturity, and concludes with a verification, is not double and is sufficient as a special traverse.

A special demurrer reaches only such defects of form as are therein pointed out.

TRESPASS FOR ASSAULT. The pleadings are stated in the opinion. Heard on special demurrer to the replication to the fourth plea, at the June Term, 1902, Windsor County, *Haselton, J.*, presiding. Demurrer overruled and replication adjudged sufficient. The defendant excepted.

*Gilbert A. Davis* for the defendant.

The replication is double since it denies that the note was received in satisfaction, and then sets up new matter—that the note was accepted in satisfaction only on a condition

which had not been fulfilled. *Durkee* v. *Goodnough,* 65 Vt. 257; *Downer* v. *Powell,* 26 Vt. 397; Ch. Pl. (13th Am. Ed.) 649, 594, 611; *Russell* v. *Rogers,* 15 Wend. 351; *Luce* v. *Hoisington,* 55 Vt. 341; Stephen Pl. § 259.

*J. C. Enright* and *Edw. R. Buck* for the plaintiff.

The replication is not double. It only alleges such facts as are necessary to avoid the effect of the plea. *Vaughn* v. *Evarts,* 40 Vt. 530; *Matt* v. *Hazen,* 27 Vt. 208.

TYLER, J. This action is trespass for an assault and battery; pleas, first, the general issue; second, that the plaintiff was in the defendant's dwelling-house making disturbance, and that the defendant, after requesting him to cease making disturbance and depart, which the plaintiff refused to do, gently removed him from said dwelling-house in defense of his possession thereof; third, that in attempting to remove the plaintiff for the cause aforesaid the plaintiff assaulted him; that he defended himself, and that whatever injury he did to the plaintiff he did in necessary self-defense; fourth, that he gave the plaintiff a certain promissory note, with a surety, in full satisfaction and discharge of the alleged cause of action, and that the plaintiff accepted the same in satisfaction thereof.

The second and third pleas are traversed; to the fourth there is a replication. The only question before us is in respect to the sufficiency, on special demurrer, of the amended replication to the fourth plea.

After the introductory part the replication avers that the plaintiff ought not to be barred of his action because, "the note in the defendant's fourth plea mentioned was not accepted by the plaintiff nor by any one in his behalf as payment and satisfaction of the trespasses and injuries in the plaintiff's

declaration alleged, but that the note was accepted as satisfaction only on condition that it be paid when it became due. And the plaintiff avers that the note was long overdue before the commencement of this suit, and that neither the defendant, nor the surety, * * * named in the note, though requested, has ever paid the note or any part thereof, * * * and that it remains unpaid, and this he is ready to verify; wherefore he prays judgment," etc.

We think that this replication amounts to a special traverse. It contains a direct denial of the acceptance of the note in satisfaction, etc., as alleged in the defendant's fourth plea, followed by an inducement of new matter indirectly denying that allegation; and it amounts in substance to an answer to the plea and concludes with a verification. 1 Chit. Pl. 620; Perry's Pl. 259-263; *Day* v. *Essex Co. 'Bank,* 13 Vt. 97.

The only contention is that the replication is double because it contains a traverse and also allegations of new matter. But since the new matter is pleaded as a necessary inducement to the allegation containing the direct denial, it does not operate to make the pleading double. Steph. Pl. (Heard's Ed.) 262.

The replication is informal in that the inducement follows the direct denial instead of preceding it; but if this is a defect, it is in form only and not in substance. Such defect is not reached by the general demurrer and is not pointed out by the special demurrer. *Dunford* v. *Trolters,* 12 M. & W. 529; *Lewis* v. *Alcock,* 3 M. & W. 188; 1 Chit. Pl. 620.

*Demurrer overruled; replication to fourth plea adjudged sufficient; cause remanded.*