## ROSWELL BELKNAP v. ALBERT BILLINGS.

May Term, 1905.

Present: ROWELL, C. J., TYLER, MUNSON, START, HASELTON, and POWERS, JJ.

Opinion filed November 21, 1905.

*Assault and Battery—Accord and Satisfaction—Promissory Note—Prima Facie Settlement—Instructions.*

In trespass for assault and battery, where the issue is whether a certain note given by defendant to plaintiff was accepted by the latter in satisfaction of the cause of action, or was so accepted only on condition that it should be paid when due, it is not error to refuse defendant's request to charge that "a promissory note given and received in payment for a personal injury resulting from a tort is *prima facie* payment therefor, and a suit cannot be maintained for that tort whether the note is paid or not."

TRESPASS for assault and battery. Pleas, the general issue, *molliter manus imposuit* in defence of the possession of defendant's dwelling, self-defence, and accord and satisfaction. Trial by jury at the December Term, 1904, Windsor County, *Watson*, J., presiding. Verdict and judgment for the plaintiff. The defendant excepted.

*Davis & Davis* for the defendant.

The court should have complied with defendant's request to charge. *Thacher* v. *Densmore*, 5 Mass. 302; *Fowler* v. *Bush*, 21 Pick. 231; *Hutchins* v. *Olcutt*, 4 Vt. 549; *Torry* v. *Baxter*, 13 Vt. 452; *Follett* v. *Steele*, 16 Vt. 35; *Farr* v. *Stevens*, 26 Vt. 299; *Collamer* v. *Langdon*, 29 Vt. 32; *Wait* v. *Brewster*, 31 Vt. 516; *Parker* v. *Adams*, 59 Vt. 154; *Goodnow* v. *Tyler*, 7 Mass. 43; *Maneely* v. *McGee*, 6 Mass. 143; *John-*

*son* v. *Johnson,* 11 Mass. 362; *Chapman* v. *Durant,* 10 Mass.
47; *Butts* v. *Dean, Admr.,* 1 Met. 76.

*Joseph C. Enright,* and *Edward R. Buck* for the plaintiff.

HASELTON, J.    This was an action of trespass for assault
and battery.  The defendant filed four pleas, one of which
was that the defendant gave and the plaintiff accepted a cer-
tain promissory note in full satisfaction and discharge of the
alleged cause of action.    To this plea the plaintiff replied that
the note therein mentioned was not accepted by the plaintiff
in payment and satisfaction of the cause of action in the dec-
laration alleged, but that the note was accepted as satisfaction
only on condition that it be paid when due, and that the note
was long overdue and remained unpaid.

At the June Term, 1902, of the Windsor County Court
this replication was held sufficient on demurrer, and later this
Court so held.    See *Belknap* v. *Billings,* 76 Vt. 54, 56 Atl.
174, where the pleadings, which are referred to in the bill of
exceptions herein, are stated with sufficient fullness.

At the December Term, 1904, of the Windsor County
Court, the case was tried by a jury on its merits, and came
here on a single exception.    That exception is to the refusal
of the court to comply with a request to charge: "That a prom-
issory note given and received in payment for personal injury
resulting from a tort is *prima facie* payment therefor, and a
suit cannot be maintained for that tort whether the note be
paid or not."    But if a note is, in fact, given and received
in payment, it is payment.    To say expressly or impliedly that
it is merely *prima facie* payment when given and received in
payment would be confusing and incorrect, and the court
rightly declined to comply with the request.

The briefs of counsel have largely to do with propositions other than that embodied in the request which the court did not in terms comply with.

In this case the parties were at issue as to whether the accepting of a certain note was to operate as payment or not. The defendant claimed and his evidence tended to show that it was so agreed; but the plaintiff claimed and his evidence tended to show that the note was to operate as payment only in case it should be paid when due.

The full charge is referred to, and upon examining it we find that the jury were correctly and fully instructed upon the subject-matter which the request was probably intended to cover.

*Judgment affirmed.*