## IN RE BURRILL LANE'S ESTATE.

### October Term, 1905.

Present: ROWELL, C. J., TYLER, MUNSON, HASELTON, and POWERS, JJ.

Opinion filed November 20, 1906.

*Executors and Administrators—Compensation for Services—*
*Failure Seasonably to File Account—Effect—Husband*
*and Wife—Conveyance by Executor to Wife—Allowance*
*of Executor's Account.*

The failure of an executor to comply with the statutory requirements
that he shall file his account within one year from receiving his
letters testamentary, etc., should be considered in determining
whether any, and if so, how much compensation shall be allowed
him for his services; but such failure does not, in itself, operate as
a bar to all compensation.

Where an executor agreed with his wife, who was a residuary legatee
under the will, that she should take in payment of her legacy a
certain house and lot, the property of the estate but occupied by
the executor and his family, and in fulfillment of that agreement
he conveyed the property to his wife's sister, who was to deed
it to his wife, but did not do so till about eleven years thereafter
when she also filed her deed for record, and during those years
the estate incurred no expense in respect of the property, the
executor was properly charged with the rental thereof only to the
date of the conveyance to his wife's sister, no claim being made
that it was not advantageous to the estate to thus pay the wife's
legacy.

Since the report of the commissioner herein negatives those acts of
delay and negligence which subject the executor to be charged
as for waste of the estate, that matter is not considered.

APPEAL from a decree of the probate court allowing the
account of Horace L. Moore, as executor of the will of Bur-
rill Lane, presented by Fred Johonnott, as administrator of
the estate of said Horace L. Moore; Edward B. Lane, Effie

C. Aiky, William Lane, and Fred C. Lane, legatees under the will of Burrill Lane, appellants. Heard on the report of a commissioner and appellants' exceptions thereto, at the March Term, 1905, Chittenden County, *Watson*, J., presiding. Judgment overruling the exceptions, and allowing the account as found by the commissioner. The appellants excepted.

*A. V. Spaulding, R. E. 'Brown,* and *Cowles & Moulton* for the appellants.

An executor should not be paid for his services where he pays no attention to the statutory requirements as to the filing of his account. *Foster's Executrix* v. *Stone, Admr. et al.,* 67 Vt. 336; *Spaulding* v. *Wakefield's Estate,* 53 Vt. 660; *Re Hodges' Est.,* 66 Vt. 70; *Woods, Admr.* v. *Creditors,* 4 Vt. 256.

*Elihu B. Taft* and *Edmund C. Mower* for the administrator of Horace L. Moore's estate.

HASELTON, J. This was an appeal from the allowance by the probate court of the account of Horace L. Moore, as executor of the will of Burrill Lane, presented by the administrator of said Moore's estate. The case was heard by the county court on the report of a commissioner, and judgment was rendered allowing the account as allowed and reported by the commissioner. The appellants excepted.

Item 61 of the account is a credit of $500 to the executor for services. It appeared that Burrill Lane died February 24, 1877, leaving an estate worth some $12,000. This was disposed of by a will in which Horace L. Moore was named as executor. Moore qualified and acted as such until his death, January 31, 1901. The will provided that a certain portion

of the estate should remain in the hands of the executor during the lifetime of a legatee who in fact survived the executor. The executor made various settlements with legatees, but died without closing the estate. The commissioner reports in considerable detail what the executor did towards the settlement of the estate, and reports his findings with regard to services and his allowance therefor as follows: "Taking into consideration what was done by said Horace L. Moore as executor of said estate under Burrill Lane's will, I find that his duties were faithfully performed, except so far as he failed to render his account and have the same settled in his lifetime, and as the evidence shows that his services were worth $500 to the estate, item 61 is allowed as charged at the sum of $500."

The first question before this Court is simply whether as matter of law, this item should have been disallowed in the judgment rendered by the county court.

The statutes of this State provide that every executor shall render an account within one year from the time of receiving his letters testamentary unless the probate court extends this time and that he shall render further accounts as required by the court until the estate is settled; that the probate court shall examine every executor upon oath as to the correctness of his account before the same is allowed, except when no objection is made to the account, and its correctness is established by competent testimony. The filing of an account within the time provided by statute is wisely required, and in determining whether compensation shall be allowed an executor, and if compensation is allowed, in determining the amount of the compensation, failure to file an account as the law directs is an important circumstance to be considered in connection with other facts that have a bearing upon the question of what the just deserts of the executor are; but we

do not think that failure to file the account as the law directs shuts out consideration of the general fidelity and efficiency of the executor, and the importance, value and amount of his services, and operates in itself as a bar to all compensation.

In some states it is provided by statute that an executor who fails to file the accounts provided for shall receive no compensation, and other states formerly had such a statute which has been repealed. Decisions under such a statute are obviously of no assistance here. But the policy of our Legislature has been to stop short of any such arbitrary rule. The principles which have governed our Court in the matter of compensation are in a general way shown by the cases which have been cited in the briefs of counsel. The cases decided by this Court cited on the one side or the other, are as follows: *Hapgood* v. *Jennison,* 2 Vt. 294; *Foster's Executrix* v. *Stone,* 67 Vt. 336, 31 Atl. 841; *Spaulding* v. *Wakefield's Estate,* 53 Vt. 660; *In Re Hodge's Estate,* 66 Vt. 70, 28 Atl. 663; *Woods* v. *Creditors,* 4 Vt. 256.

No one of these cases is inconsistent with the view taken here and some of them support it. It is strongly supported by *Hapgood* v. *Jennison,* 2 Vt. 294, a case which commended itself to the Massachusetts Court when that Court had to do with the same matter that had been before our Court. *Jennison* v. *Hapgood,* 10 Pick. 77.

The principles which in this jurisdiction determine the allowance and the denial of compensation to administrators and executors have been recently considered and applied in *Walworth's Est.* v. *Bartholomew's Est.,* 76 Vt. 1; 56 Atl. 101, and it accords with the opinion and the decision therein to treat the allowance of compensation in the case at bar as proper under the findings of the commissioner.

Instructive cases decided in other jurisdictions are the following: *Birkholm* v. *Wordell,* 7 Atl. 569; *Bendall* v. *Bendall,* 60 Am. Dec. 469; *Craig* v. *McGee,* 16 Ala. 41; *Gould* v. *Hayes,* 19 Ala. 438; *In re Barcalow,* 29 N. J. Eq. 282.

A part of Burrill Lane's estate was a city house and lot. At the time of said Lane's death, Horace L. Moore with his wife, daughter and his wife's sister, Mary C. Lane, resided upon said place. Moore's wife, Maria E. Moore, was one of the residuary legatees under the will of Burrill Lane and in January, 1880, it was agreed that she should take the place in satisfaction and payment of her residuary legacy and as Horace L. Moore could not deed directly to his wife, the arrangement was carried out by his deeding to his wife's sister, Mary C. Lane. The deed was delivered at the time of its execution, but was not left for record until shortly after the death of Horace L. Moore, when it was put upon record. At about the time it was left for record, Mary C. Lane deeded the place to Maria E. Moore. The Moores had continued to occupy the place down to the death of Horace L. Moore. The commissioner charged the executor with the rental value of the place down to January 19, 1880, the time when Moore as executor deeded it to Mary C. Lane. The appellants claim that the executor should have been charged with the rental value of the place down to his death. They point out that the taxes on the place were assessed to Burrill Lane's estate and that receipts for their payment ran to the estate. But the commissioner finds that in fact the taxes were not paid by the estate, but were paid by Horace L. Moore or his daughter. The commissioner also finds that sewer assessments were paid by the daughter, and that such repairs as were made after January 19, 1880, were paid for by Horace L. Moore, his wife or daughter. There is nothing in the report nor in any

claim made in the brief of appellants' counsel to suggest that it was not advantageous to the estate to have the claim of Maria E. Moore as residuary legatee extinguished by the deed of the place, and there is no suggestion that the commissioner did not properly scrutinize the transaction between the executor and his wife. The mere fact that the deed was not recorded until 1901, did not prevent it from becoming operative at the date of its execution and delivery, and the case shows no error in respect to the allowance or the disallowance in the matter of the rent of the city house and lot.

The appellants claimed before the commissioner that the estate of the executor should in the accounting be charged with waste under V. S. 2412, and that claim is urged here as one that arises on the report and the judgment thereon. The section in question reads as follows: "When an administrator neglects or unreasonably delays to raise money by collecting the debts or selling the real or personal estate of the deceased, or neglects to pay over the money he has in his hands, and the value of the estate is thereby lessened, or unnecessary cost or interest accrues, or the persons interested suffer loss, the same shall be deemed waste, and the damages sustained may be charged and allowed against him, in his account, or he shall be liable therefor on his bond." With respect to this claim as made here it is enough to say that the report negatives the things which are essential to the sustaining of charges for waste under the statute invoked.

The remaining questions argued in this Court relate to the effect to be given to a certain paper signed by Edward B. Lane, one of the appellants, purporting to be a receipt and a release given to the administrator of Horace L. Moore's estate. But the conclusions reached on the questions already

considered make questions as to the effect of this instrument wholly immaterial.

*Judgment is affirmed and is to be certified to the Probate Court.*