### John H. Downer and Grace I. Downer v. Thomas B. Gourlay and Edward C. Collins

[349 A.2d 707]

No. 58-74

Present: **Barney, C.J., Smith, Daley, Larrow and Billings, JJ.**

Opinion Filed October 7, 1975

Motion for Reargument Denied December 2, 1975

 

*Theriault & Joslin,* Montpelier, for Plaintiffs.

*Adams and Meaker,* Waterbury, for Defendants.

**Daley, J.** The location of the boundaries of a parcel of land in Fayston, Vermont, is the subject of this appeal. In 1957 plaintiff John Downer's parents conveyed to defendants Gourlay and Collins a piece of land described as:

> Approximately six acres (more or less) bordered on the east by the Bessie L. McCullough Farm, bordered on the north by the road leading to the German Flats; bordered on the west by Robert E. O'Grady's land, bordered on the south by Reuben H. Downer's land.

This property was part of a larger parcel of land of approximately 55 acres which, with the exception of the parcel at issue and two other small pieces, was conveyed by plaintiff's parents to plaintiff and his wife in 1959.

The present dispute had its genesis in 1961 when defendants employed a surveyor to lay out the bounds of their property. Defendants pointed out Chase Brook, not mentioned in the deed, as their southerly boundary, apparently based on the fact that Reuben Downer, plaintiff's father, had walked as far as the brook with defendants prior to the 1957 sale. Based on defendants' indications, the surveyor mapped out a parcel of twelve acres, with Chase Brook as the southerly boundary and a westerly boundary composed only in part of O'Grady's land. Defendants notified both the plaintiffs and the Town of Fayston in 1965 that their property contained twelve acres.

Plaintiffs brought suit claiming title to the southerly six acres of the twelve acre parcel. They urged that the southerly boundary of defendants' land be established by extending a line from O'Grady's most southerly point on defendant's

claimed west boundary to a point on the eastern boundary so as to mark out a six acre piece in conformance with the deed and the original contract of sale. The trial court, however, concluded that the plaintiffs' suggested southerly boundary was arbitrary and that Chase Brook was the only reasonable southern boundary. Since defendants, by this conclusion, received twelve acres and had only paid for six, the trial court ordered defendants to compensate plaintiffs for the additional acreage based on the 1957 market value of the land. Plaintiffs' appeal questions the propriety of this conclusion.

■ The facts of the case amply support the lower court's conclusion that there was a misunderstanding between the original parties to the transaction either as to the boundaries of the land conveyed or as to the amount of acreage contained therein. When this has happened, resort must be had to the language of the deed, since the understanding of the parties must be deemed to be that which their own instrument declares. *Haklits* v. *Oldenburg*, 124 Vt. 199, 202, 201 A.2d 690 (1964). However, the deed description provides little insight into the minds of the parties at the time of the conveyance in 1957. Neither southerly line advanced by the present parties comports fully with the deed description.

■■ Both the contract of sale and the deed described a parcel of six acres, more or less. The words "more or less" in the deed are words of safety and precaution and are regarded as a mere matter of description, since boundaries control the quantity actually conveyed. *Parrow* v. *Proulx*, 111 Vt. 274, 278–79, 15 A.2d 835 (1940). Yet it is the boundaries that are here uncertain and, though acreage is perhaps the least significant of specific descriptions, the indication that this parcel comprises six acres, more or less, becomes important, especially where only it is available to give meaning to the conveyance. *Spooner* v. *Menard*, 124 Vt. 61, 63, 196 A.2d 510 (1963).

■ It is in this light that the interpretation offered below by plaintiffs becomes more appropriate in law than the position of defendants that the trial court adopted. A point in the westerly line of the parcel in question may be chosen so that the entire westerly boundary of the parcel will be bounded by

lands of O'Grady. From there, using the acreage figure as the determinant, a line may be extended easterly to intersect the easterly boundary so as to construct a parcel of land of six acres. Quantity of land becomes the controlling influence in determining the identity of premises where other parts of description are not sufficiently certain. *Parrow* v. *Proulx, supra,* 111 Vt. at 280.

The trial court adopted, erroneously we think, Chase Brook as the southerly boundary, due in part because no other monument, marker, or natural feature existed to identify a southerly boundary, and because the defendants had walked the property as far as the brook with the original grantor. But, reliance on natural boundaries is misplaced, where both original parties to the deed knew of the brook, yet the deed description contained no reference thereof. See *Haklits* v. *Oldenburg, supra,* 124 Vt. at 204. Furthermore, that defendants had walked to the brook with the original grantor is of little or no import, when both the contract of sale drawn by defendants and the deed itself contained no language referring to the brook as a boundary agreed upon. An intent that the brook mark the southerly line could have been easily expressed, even by inexpert draftsmen.

The judgment of the trial court must accordingly be reversed and the cause remanded for entry of a decree establishing the southerly boundary of defendants' parcel beginning at a point in their westerly boundary at the southernmost point of O'Grady's land on that boundary and extending easterly to intersect with the east boundary so as to construct a six acre parcel.

*Reversed and remanded.*

### On Motion for Reargument

**Daley, J.** As a consequence of a motion for reargument, the following changes are made in the language of the main opinion that will clarify directions for drawing boundary lines of the property on remand. As amended, the directions shall read: "A point in the westerly line of the parcel in question may be chosen so that the entire westerly boundary of the parcel will be the common boundary line with O'Grady. From there, using the acreage figure as the determinant, a straight line may be

extended easterly to intersect the easterly boundary so as to construct a parcel of land of six acres."

*Motion for reargument denied. Let full entry go down.*