## Henry E. Fairbrother and Hazel E. Fairbrother v. Allen C. Adams and John L. Powell

[378 A.2d 102]

No. 17-77

Present: **Barney, C.J., Daley, Larrow, Billings, and Hill, JJ.**

Opinion Filed September 12, 1977

Motion for Reargument denied October 4, 1977

*Harry A. Black* of *Black & Plante,* White River Junction, for Plaintiffs.

*John K. Dunleavy* of *Burgess & Normand, Ltd.,* Montpelier, for Defendant.

**Billings, J.** This is an appeal by the appellants-grantees Adams and Powell from a declaratory judgment construing a deed of the appellees-grantors Fairbrother in regard to hunting and fishing rights on property located in Orange County. Appellant-grantee Powell, in addition to answering the original complaint, brought a counterclaim against the appellees for breach of warranty.

In September, 1959, the Fairbrothers conveyed a parcel of land of approximately three acres, upon which a camp was situated, to W. B. Adams and Allen C. Adams. The warranty deed contained provisions concerning water rights, wood-cutting rights, and hunting and fishing rights.

The relevant language of the deed is as follows:

> It being a small parcel of land out of the Fairbrother farm as deeded to Henry E. and Hazel E. Fairbrother by Ernest H. Fairbrother by deed dated July 30, 1954, and recorded in West Fairlee Land Records, Book 16, Page 107 .... There is also conveyed herewith the hunting and fishing rights on the other lands of the Fairbrother farm.

The questions at issue are whether the deed conveyed exclusive hunting and fishing rights; what is the scope of those rights, *i.e.,* whether those rights are personal only or alienable and assignable; if the latter, what parts or all of the unconveyed remainder of the Fairbrother farm was subject to them; and whether the admission of parol evidence to establish the intent of the parties was proper.

Because these questions each concern the construction of a deed, our initial inquiry begins with the instrument itself, which is deemed to declare the understanding and intent of the parties. *Downer* v. *Gourlay,* 133 Vt. 544, 546, 349 A.2d 707 (1975). If the wording of the deed is ambiguous, resort may be made to subordinate rules of construction, although such rules are not given the status of positive law. *deNeergaard* v.

*Dillingham*, 123 Vt. 327, 332, 187 A.2d 494 (1963). One of these rules is that a deed given equally reasonable constructions must be construed against the grantor and in favor of the grantee. *Kilcullen* v. *Dery*, 133 Vt. 140, 143, 334 A.2d 410 (1975).

■ The parties agree that the granting of hunting and fishing rights by a deed conveyance creates a *profit a prendre*, which is an interest in land. *Payne* v. *Sheets*, 75 Vt. 335, 345, 55 A. 656 (1903). The September 5, 1959, deed clearly conveys such an interest. The warranty deed expresses the intent that hunting and fishing rights be conveyed for the "other lands of the Fairbrother farm." What constitutes the "Fairbrother farm" will be determined by what land the deed described and in what towns the land is located as included in the reference deed which is recorded in the West Fairlee land records at book 16, page 107. In its conclusion of law, the trial court stated that the record below is barren of any evidence from which the acreage, location, or boundaries of the "other land of the Fairbrother farm" can be found. Henry Fairbrother testified at trial about his holdings in 1959. The West Fairlee deed by which he acquired his property apparently was not admitted as an exhibit. Absence of the deed is not fatal to the defendant's claim in this declaratory judgment action. Upon remand, the deed recorded at book 16, page 107 of the West Fairlee land records is the reference document for determining the scope of the land, and the hunting and fishing rights will apply only to the towns stated in the reference deed.

■ The hunting and fishing rights are exclusive. The language of the deed used the definite article "the," which implies exclusivity. A grantor may give an exclusive right. *Payne* v. *Sheets, supra*, 75 Vt. at 340. This clause will be construed against the grantor whose attorney drew the deed. *State Highway Board* v. *Jamac Corp.*, 131 Vt. 510, 514, 310 A.2d 120 (1973).

The trial court held that the deed in question lacked words of inheritance or assignability in the granting clause, and that because of this, the rights conveyed were purely personal. We disagree.

■ *Profits a prendre* being interests in land which may be granted as a separate and distinct property from the freehold of the land imply inheritance and assignability unless expressly

reserved. *Payne* v. *Sheets, supra.* Appellees argue that the description of the rights conveyed with the land may not benefit from the prefatory granting language, "do freely give, grant, sell, convey, and confirm unto the said grantees ... their heirs and assigns forever, a certain piece of land ...." This argument necessarily discounts the language in the habendum clause, "and their heirs and assigns to their own use and behoove forever...." The language of the grant and of the habendum is the language of the printed form common to Vermont deeds well beyond our memory, and is in the customary location that evidences alienability and assignability without repetition in each paragraph of the descriptions as plaintiffs would have us hold.

■ The deed was clear and unambiguous in these particulars and the outcome below was effected by the erroneous admission of extrinsic evidence through the testimony of the plaintiff. The judgment to be entered upon remand should disregard this testimony. *Haklits* v. *Oldenburg,* 124 Vt. 199, 202, 201 A.2d 690 (1964).

*The judgment below is vacated and the cause is remanded with direction to declare the assignability of the hunting and fishing rights and their exclusive nature in the towns wherein lies the property conveyed by the deed dated July 30, 1954, and recorded in book 16, page 107 of the West Fairlee land records and to determine the counterclaim of the defendant Powell.*