## Victoria Merritt, Administratrix of the Estate of Amelia Merritt v. Thelma Merritt, Thomas Merritt, Cunrad Merritt, Clarence Merritt, Arthur Merritt and Nancy Adams

[500 A.2d 534]

No. 83-328

Present: **Allen, C.J., Hill, Underwood, Peck and Gibson, JJ.**

Opinion Filed August 30, 1985

*R. Bruce Freeman*, Wilmington, for Plaintiff-Appellee.

*Bruce M. Lawlor*, Springfield, for Defendants-Appellants.

**Gibson, J.** Defendants appeal a judgment order validating a June 7, 1938, deed of property to Amelia Merritt (plaintiff's decedent), and dismissing defendants' counterclaim. Defendants raise the following issues on appeal: (1) the findings are not supported by properly admissible evidence; (2) the findings do not support the conclusions; and (3) Vermont's Marketable Record Title Act, 27 V.S.A. § 601 et seq., bars the estate's claim against the property. We affirm.

Defendants do not challenge the following findings made by the court. In 1937, Amelia Merritt, who owned a farm of approximately 750 acres in the towns of Windham, Londonderry and Andover, fell into arrears on her mortgage payments. At that time, two mortgage notes, both held by one John Carpenter and totaling $3,948, were in default; in addition, unpaid taxes totaled $675. The mortgagee's attorney sought to enlist the aid of Amelia's son Charles, who was then living on the Londonderry portion

of the property. Charles, a real estate broker, drafted three warranty deeds (one for each town) conveying the property from Amelia to Charles and his wife, Thelma. In a letter to his mother in Port Jervis, New York, Charles asked her to execute the enclosed deeds and return them quickly, because he had applied for a loan which could not be granted until he recorded the deeds.

Rather than simply execute and return the three deeds, Amelia came to Vermont and signed them in conjunction with the execution by Charles and Thelma of a newly drafted fourth deed. The fourth deed conveyed the property from Charles and Thelma back to Amelia, excluding, however, two houses and the 198 acres in Londonderry on which Charles and Thelma lived, and part of the property in Windham. In the fourth deed, Charles and Thelma warranted that the property was free from encumbrance, except for an existing mortgage and taxes, adding that the deed would be null and void until they paid all taxes and mortgages, but "otherwise in full force and virtue"; they also retained a right of first refusal, should Amelia decide to sell the property. The fourth deed was delivered to Amelia, but not then recorded. Charles subsequently remortgaged the property to pay off the Carpenter mortgage.

In 1951, the last mortgage was paid off. In 1956, Amelia caused the fourth deed to be recorded in the town of Andover; the deed was not, however, recorded in the town of Windham, although some of her property lay therein. Charles and Thelma and their children learned of the Andover recording in 1957, but took no action to challenge it.

Amelia resided on the property until shortly before her death in November 1956. Amelia's daughter Victoria, with whom she had lived, continued to live there until 1977. In 1978, Charles died, and the following year the Westminster Probate Court vested title in the Andover and Windham properties in the heirs of Charles Merritt. Thereafter, Victoria, as administratrix of Amelia's estate, initiated this action to recover title to these properties in Windsor Superior Court, which entered the order that is the subject of this appeal. Defendants in the case are Thelma Merritt and the children of Charles and Thelma.

## I.

Defendants challenge the court's findings and conclusions: (1) that the grantors, Charles and Thelma, intended the fourth deed

to be a valid document, and (2) that the grantors intended to pass immediate title to Amelia with the fourth deed. In considering these challenges, we bear in mind the fundamental principle that findings of the trial court will not be set aside unless they are clearly erroneous. *Fisher* v. *Poole*, 142 Vt. 162, 166, 453 A.2d 408, 411 (1982); V.R.C.P. 52(a).

## A.

Defendants contend that the fourth deed was never intended to be a valid conveyance, but rather was intended to give Amelia some evidence of her interest in the land so that she could obtain financing with which to repay Charles. Plaintiff claims, on the other hand, that the fourth deed was intended as a valid deed and was part of a plan to refinance the whole farm.

Defendants maintain that the only basis for the court's finding as to the intent of the parties is in representations of plaintiff's attorney at the pretrial conference and hearsay testimony given by Amelia's sister, Charlotte Homer. When defendants objected below at the pretrial conference, the court stated unequivocally that it would only consider evidence that was presented during trial.* In response to defendants' hearsay objection, the court struck all testimony of Charlotte Homer not based on her own knowledge and subsequently ruled in defendants' favor whenever timely objection was made.

In finding that the parties intended the fourth deed to be a valid conveyance, the trial court found that all four deeds were executed as part of a plan to refinance the whole farm. Both the initial letter from Charles to his mother and testimony to this effect by Thelma support this finding, as does a reading of the deeds themselves, under which Charles and Thelma acquired title to considerable property in Londonderry and Windham.

Amelia lived on the farm until her death in 1956. While there, she exercised full control over the property. Although defendants dispute this finding, there is substantial evidence in support thereof. When there is a conflict in the evidence, the court is free

---

* Defendants also complain that a portion of the pretrial conference was not recorded, in violation of V.R.C.P. 16. After defendants requested that a court reporter be present, the court summoned one. Where, as here, the purpose of the conference was to identify the theories of the case, and where no prejudice has been shown, the absence of a court reporter at a pretrial conference is not reversible error.

to choose the evidence it finds persuasive. *Darken* v. *Mooney*, 144 Vt. 561, 568, 481 A.2d 407, 412 (1984).

The fact that the fourth deed was not recorded until July 1956, eighteen years after its execution and five years after the underlying mortgage was satisfied, does not render it invalid. See *In re Lane's Estate*, 79 Vt. 323, 328, 65 A. 102, 103 (1906) (deed executed and delivered in 1880 effective as of date of delivery, although not recorded until 1901).

There is ample evidence to support the court's finding that the parties intended the deed to be a valid instrument.

### B.

In disputing that Charles and Thelma intended to pass immediate title to Amelia with the fourth deed, defendants claim the court made several erroneous findings and omitted to make other essential findings. They claim: (1) there was no admissible evidence of the intent of the parties to engage in a four-deed refinancing plan; (2) the grantors never intended to pass immediate title with the fourth deed, an issue on which they assert a finding was required; (3) Amelia's acts after 1938 were inconsistent with the terms of the deed; and (4) the court was obligated to issue factual findings regarding Amelia's intent in executing the three original deeds, as well as her desire to retain title to the property in Andover and Windham.

In construing a deed, we initially look at the instrument itself, which is deemed to declare the understanding and intent of the parties. *Fairbrother* v. *Adams*, 135 Vt. 428, 429, 378 A.2d 102, 104 (1977). Where the language and intent are clear, a deed will be enforced as the conditions therein state. *Davidson* v. *Vaughn*, 114 Vt. 243, 246, 44 A.2d 144, 146 (1945). If the wording of the deed is subject to equally reasonable constructions, it must be construed against the grantor and in favor of the grantee. *Fairbrother, supra*, 135 Vt. at 430, 378 A.2d at 104.

Our review of the deed, testimony and other documentary evidence leads us to conclude that the findings are supported by the evidence in each instance, and that the findings are sufficient to support the court's conclusions.

## II.

Defendants also argue that plaintiff's efforts to recover the Windham property from the children of Charles and Thelma Merritt are barred by 27 V.S.A. § 601(a), which provides:

> Any person who holds an unbroken chain of title of record to any interest in real estate for forty years, shall at the end of that period be deemed to have a marketable record title to the interest, subject only to such claims to the interest and such defects of title as are not extinguished or barred under this chapter, and such interests, limitations or encumbrances as are inherent in the provisions and limitations contained in the muniments of which the chain of record title is formed which have been recorded during the forty-year period.

The court found that the fourth deed was never recorded in the town of Windham. Defendants claim that the recording of one of the three other deeds in 1938 established an unbroken chain of record title, which continued after Charles and Thelma conveyed several portions of property in Windham to their children in 1977 by warranty deeds. The court was uncertain, however, as to whether any of these conveyances included property that had previously been conveyed to Amelia in the fourth deed. For purposes of this opinion, we shall assume that they did include some of that property.

According to defendants, the statute provides that persons who have not made a record of their claim against a grantor may not hold against the grantee of a subsequent conveyance by such grantor. Thus, they explain, a grantee who examines a real estate record and finds an unbroken chain of title extending for forty years is entitled to take the property he purchases against all unrecorded claims.

The court held that the fourth deed was valid, notwithstanding 27 V.S.A. § 601(a), on the theory that 27 V.S.A. § 342, which appears in the same chapter, provides that an unrecorded deed is valid against "the grantor and his heirs." The court believed that this section applied to the children, because they were "heirs" of Charles and Thelma.

We agree with defendants that the court's reasoning was faulty. The children took by grant rather than by inheritance and were

not "heirs" as contemplated by the statute. However, since the court reached the correct result, its conclusion will not be reversed. *Vermont Agency of Transportation* v. *Sumner*, 142 Vt. 577, 579, 460 A.2d 446, 447 (1983).

Deeds satisfying the letter of the recording statute are invalid as against the grantee of a prior conveyance of which the purchaser had notice. See *Spaulding* v. *H. E. Fletcher Co.*, 124 Vt. 318, 324, 205 A.2d 556, 560 (1964) (recorded conveyance); *Tomasi* v. *Kelley*, 100 Vt. 318, 137 A. 196 (1927). The repose extended by 27 V.S.A. § 601(a) is intended only for bona fide purchasers without notice.

The court found that Charles, Thelma and the children all knew in 1957 that Amelia's fourth deed had been recorded in 1956. Defendants have not challenged this finding; therefore, for purposes of this appeal, the finding is conclusive. *DeLance* v. *Hennessey*, 137 Vt. 214, 216, 401 A.2d 903, 904 (1979). Having notice of the fourth deed, the children were not bona fide purchasers as against Amelia or her estate and are not entitled to the repose extended by 27 V.S.A. § 601(a).

Therefore, the deeds from Charles and Thelma to their children were taken subject to the interest of Amelia and her successors.

*Affirmed.*