The Hayes Family Partnership v. Smart, No. S0520-03 CnC (Norton, J., May 24, 2005)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

STATE OF VERMONT                                    SUPERIOR COURT
Chittenden County, ss.:                             Docket No.S0520-03 CnC

THE HAYES FAMILY PARTNERSHIP

v.

WILLOW P. SMART

ENTRY

Plaintiff Hayes Family Partnership filed a three-count complaint against defendant Willow Smart seeking reformation of a deed that had conveyed land to Ms. Smart from Hayes's predecessor in interest and for contribution from Ms. Smart for taxes paid on the property.  In an previous order, Counts I & II of Hayes's complaint — the counts seeking reformation of the deed or compensation for the conveyed land — were

dismissed because the statute of limitations had run on the claims.  <u>Hayes Family P'ship v. Smart</u>, No. S0520-03 CnC (Katz, J., Apr. 1, 2004).  Ms. Smart has since amended her answer to make a counterclaim for a declaratory judgment as to her ownership of the entire property in fee simple.  Ms. Smart now moves for summary judgment of that counterclaim.  For the reasons stated below, Ms. Smart's motion for summary judgment is granted.

Summary judgment is granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any . . . show that there is no genuine issue as to any material fact and that any party is entitled to judgment as a matter of law."  V.R.C.P. 56(c)(3).  In determining whether a genuine issue of fact exists, the nonmoving party receives the benefit of all reasonable doubts and inferences.  <u>Robertson v. Mylan Labs., Inc.</u>, 2004 VT 15, ¶ 15.  Allegations to the contrary must be supported by specific facts sufficient to create a genuine issue of material fact.  <u>Id</u>.

## FACTS

The following facts are undisputed.

On or about January 29, 1991, Willow Smart entered into a Purchase and Sale Agreement with Mildred Hayes.  On or about May 2, 1991, Ms. Smart and Ms. Hayes entered into an Addendum to the Purchase Agreement.  The Addendum, section 1, stated that Ms. Hayes "shall convey all the land she owns on the southerly side of Hardscrabble Road to [Defendant]."  The Addendum, section 4, further provided that Ms. Smart "agrees to pay $1,010 per acre for any acreage to which Seller can quiet title up to a maximum of 396 acres."  At the time Ms. Smart and Ms. Hayes

entered into the Purchase Agreement, Ms. Hayes was in a dispute with adjacent landowners regarding the exact amount of land she owned on the southerly side of Hardscrabble Road.

On or about June 21, 1991, the administrator for the Estate of Mildred Hayes executed a Vermont Administrator's Deed transferring to Ms. Smart the land that was the subject of the Purchase Agreement and Addendum. The Administrator's Deed was placed in escrow pending resolution of the land dispute. After resolution of the land dispute, the Administrator's Deed was delivered to Ms. Smart and later recorded in the Town of Milton land records. The Administrator's Deed described the conveyed land as "all the remaining land and premises situated southerly of Hardscrabble Road in the Town of Milton. Said parcel is said to contain 363 acres, more or less. The Grantor gives full warranty as to 274 acres and conveys the remaining acreage by quitclaim only."

At the time that the deed was conveyed to Ms. Smart, the parties to the transaction were under the mistaken belief that the land consisted of no more than 396 acres. The actual parcel is approximately 478 acres. The size of the parcel was determined when the Hayes Estate reached an agreement with its neighbor concerning the land dispute. This agreement was made in 1996.

The present case was commenced by Hayes on April 24, 2003. Claims by Hayes for deed reformation or restitution for value given were dismissed due to the expiration of the statute of limitations. Hayes Family P'ship, No. S0520-03 CnC.

## DISCUSSION

Ms. Smart's counterclaim seeks a decree from the court declaring that she is the owner of all 478 acres of land south of Hardscrabble Road that was owned by the Hayes Estate at the time of conveyance. The claim is, in effect, a quiet title action to remove any cloud on Ms. Smart's title based on a claim of ownership through Mildred Hayes. The undisputed facts demonstrate that a valid deed conveyed all land south of Hardscrabble Road then owned by the Estate of Mildred Hayes, to Ms. Smart. Though plaintiff has not argued that the deed, on its face, conveyed anything less than all land south of Hardscrabble Road, a brief look is necessary to determine the basis of Ms. Smart claim of legal title.

The deed conveys "all the remaining land and premises situated southerly of Hardscrabble Road . . . said to contain 363 acres, more or less." The only possible issue is whether the controlling language is "all the remaining land" or "363 acres." While it has been noted that "[q]uantity is regarded as the least reliable of all descriptive particulars in a conveyance," Parrow v. Poroulx, 111 Vt. 274, (1940), courts may sometimes need to rely upon quantity in the absence of other identifiers. See Downer v. Gourlay, 133 Vt. 544, 546 (1975) (finding that a description of acreage "more or less" becomes significant when boundaries are uncertain). When construing a deed, however, the overriding consideration is the intent of the parties. Mann v. Levin, 2004 VT 100, ¶ 19. In this case, the grantor deeded "274 acres" by warranty and the rest of her land south of Hardscrabble Road by quitclaim. The plain intent was to transfer whatever interest the Estate of Mildred Hayes held in the land south of Hardscrabble Road to Ms. Smart. Any intent not to transfer some of this land is not evinced by the language of the deed.

Where a deed is not ambiguous, the proper interpretation is a matter of law. Kipp v. Chips Estate, 169 Vt. 102, 107 (1999). The deed from the

4

Estate of Mildred Hayes to Ms. Smart conveyed all of the Estate's interest in land south of Hardscrabble Road, this interest being ownership of 478.68 in fee simple.  By making this determination, the court is not ruling on the validity of any other potential claims that third parties might have against this property.

Accordingly, defendant Willow Smart's motion for summary judgment is granted.

Dated at Burlington, Vermont this ___ day of May, 2005.

_____

5