## George R. Sachse and Myrna L. Sachse v. A. Kenneth Lumley, Kathleen A. Lumley, Century 21 and A & H Realty

[524 A.2d 599]

No. 85-009

Present: **Allen, C.J., Hill, Peck, Gibson and Hayes, JJ.**

Opinion Filed January 9, 1987

*Robert E. Broderick*, Rutland, for Plaintiffs-Appellees.

*Paul S. Kulig* of *Keyser, Crowley, Banse & Facey*, Rutland, for Defendants-Appellants.

**Peck, J.** Defendants appeal a jury verdict from the Rutland Superior Court returning to plaintiffs a disputed deposit of $8,500 made under the terms of a purchase and sales agreement between the parties. We affirm.

Defendants raise two claims of error. First, they argue that the trial court erred in denying defendants' motions for a directed verdict, for judgment notwithstanding the verdict, and for a new trial. Second, they contend the trial court should not have charged the jury on the law of agency.

Plaintiffs, George and Myrna Sachse, residents of New Jersey, were interested in relocating to Vermont. While searching for property, Mr. Sachse also sought employment with Pike Industries of Vermont. On or about June 5, 1982, plaintiffs entered into a written contract with defendants, Kenneth and Kathleen Lumley, regarding the purchase of Stratton's Lodge in Mendon, Vermont. The contract, prepared by A & H Realty, provided that plaintiffs immediately deposit $1,000 against the purchase price of the lodge and an additional $9,000 when a "bridge loan" was secured, but no later than June 18, 1982. The balance of the purchase price was to be paid as follows: $10,000 in cash at the time of the closing; $114,000 in the way of a first mortgage loan from the Rutland Savings Bank; and the remaining $11,000 in the form of a second mortgage from the defendants. A stipulation in the contract provided that plaintiffs' deposit would be returned "if financing below was not approved and if Pike job doesn't happen by June 11, 1982." Otherwise, defendants would be allowed to keep the deposit.

During negotiations, the contract underwent several modifications. The deposit provision was amended by reducing the addi-

tional sum required to $7,500 and by extending the deadline for the making of the deposit to June 21, 1982. Also, two addenda, "A" and "B", were added to the contract on June 8, 1982. Addendum "A" revised the terms of the second mortgage so that A & H Realty, Maslock and Watson Realty, and the defendants would share the second mortgage of $11,000. Addendum "B" listed personal property to be excluded from the sale. Plaintiffs were represented by A & H Realty, while defendants used Maslock and Watson Realty during the redrafting of the contract and the ensuing negotiations. The additional sum of $7,500 was deposited by plaintiffs on June 21.

To procure the $11,500 needed to complete the purchase, plaintiffs put their house in New Jersey on the market. They also attempted to secure a bridge loan or a second mortgage on the New Jersey home. The Rutland Savings Bank, in the meantime, sent a commitment letter to plaintiffs stating its approval of the $114,000 mortgage.

Plaintiffs, however, were unable to secure the additional financing on their New Jersey property and, therefore, were unable to close on the Vermont property. After being denied the return of their $8,500 deposit, plaintiffs brought this action in Rutland Superior Court. The jury delivered a verdict in favor of the plaintiffs.

■ We first consider defendants' claim that denial of their motions for directed verdict and judgment notwithstanding the verdict was erroneous. On review, the denial of a motion for a directed verdict and the denial of a motion for judgment notwithstanding the verdict are treated alike because both motions raise substantially the same legal questions. *Kinzer* v. *Degler Corp.*, 145 Vt. 410, 412, 491 A.2d 1017, 1018 (1985). The evidence will be reviewed in the light most favorable to the nonmoving party, and the effect of any modifying evidence will be excluded. *Id.* If there was any evidence fairly and reasonably supporting the nonmoving party's claim, then denial of the motion was proper. *Id.;* see also *Senesac* v. *Associates in Obstetrics & Gynecology,* 141 Vt. 310, 312, 449 A.2d 900, 902 (1982) (directed verdict improper if there is any evidence fairly and reasonably supporting plaintiff's claim).

The construction of contract terms is a matter of law and not a factual determination. *Dartmouth Savings Bank* v. *F.O.S. Associates,* 145 Vt. 62, 68, 486 A.2d 623, 626 (1984). Here, the court determined that the purchase and sale agreement contained two

contingencies: (1) that the plaintiffs "get the mortgage financing"; and (2) that Mr. Sachse obtain employment with Pike Industries. If either of these contingencies were not satisfied, then plaintiffs would be entitled to the return of their deposit. Because Mr. Sachse did obtain the employment he had been seeking, the question left for the jury was whether the first contingency had been satisfied, i.e., whether plaintiffs were able to obtain the requisite financing.

A review of the record reveals testimony by the loan officer of the Rutland Savings Bank that plaintiffs could not obtain the financing from the bank unless additional funds were secured. At the time the closing was to have taken place, plaintiffs still lacked the additional funds and, according to the testimony, were unable to obtain the mortgage financing. This evidence fairly and reasonably supported plaintiffs' claim that the financing contingency was not satisfied, and the court's denial of the motions was proper.

Nor can we agree with defendants' claim that the trial court erred in denying their motion for a new trial. Where the denial of a motion for a new trial is challenged, abuse of discretion must be shown. *Lent* v. *Huntoon,* 143 Vt. 539, 552, 470 A.2d 1162, 1171 (1983). The challenging party is confronted with a heavy burden because such abuse will be found only where the trial court has withheld its discretion entirely or where its discretion was exercised for clearly untenable reasons or to a clearly untenable extent. *Id.* This Court will view the evidence in the light most favorable to the verdict and will consider all possible presumptive support for the lower court's ruling. *Id.* Here, the loan officer's testimony regarding the aborted financing attempt provided substantial evidence in support of the verdict, and the trial court did not abuse its discretion in denying the motion for a new trial.

Defendants acknowledge the applicability of these deferential standards of review and attempt to buttress their challenge of the trial court's denial of their motions by invoking the parol evidence rule. The rule applies to written contracts of sale and dictates that oral testimony is inadmissible to vary or to add to the terms of such contracts. *Hathaway* v. *Ray's Motor Sales, Inc.,* 127 Vt. 279, 282, 247 A.2d 512, 514 (1968). Here, however, the court determined the meaning of the contingency provisions of the contract as a matter of law, and the record indicates that all

testimony offered on that issue was excluded. The sole factual issue was whether the financing contingency had been satisfied, and the loan officer's testimony was admitted as bearing on that question. The only written instrument referred to by the loan officer was the mortgage loan commitment letter. This letter was a collateral document with respect to the action brought on the purchase and sales agreement, and the parol evidence rule is inapplicable. See *Brown* v. *Pilini*, 128 Vt. 324, 330, 262 A.2d 479, 482 (1970). Therefore, defendants' arguments with respect to the trial court's denial of their motions must fail.

Finally, defendants claim that the trial court erred by instructing the jury on the law of agency. In the court below, counsel for defendants stated only that he wished to "renew" his exceptions to the agency charge. The record does not reveal an earlier objection, and counsel did not support his exception with specific grounds. "No party may assign as error the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection." V.R.C.P. 51(b); see also *Paton* v. *Sawyer*, 134 Vt. 598, 603, 370 A.2d 215, 218 (1976) (51(b) requires notice be given to trial court of claimed error with respect to the charge). Because the lower court was not advised of the specific grounds for the objection, this Court will not hold it in error.

Even if the objection had been properly preserved for appeal, any error was harmless. A party appealing from an instruction given by the trial court has the burden of establishing that the charge was both erroneous and prejudicial. *Corti* v. *Lussier*, 140 Vt. 421, 424, 438 A.2d 1114, 1116 (1981). Here, defendants concede that the agency instruction was correct in substance, but they argue that the agency portion of the charge was irrelevant and could serve only to confuse the jury.

It is the trial court's duty to instruct the jury fully and correctly upon every point raised by the evidence and material to a decision of the case. *Nauceder* v. *Howard*, 127 Vt. 274, 278, 247 A.2d 76, 79 (1968). Because a significant part of the testimony at trial concerned the alleged agency relationship between defendants and their realtor, it is clear that this point was raised by the evidence. The materiality of the agency question, however, is not as apparent. Plaintiffs sought to establish agency here based on the general rule that an agent's knowledge is imputed to the prin-

cipal. See *Solomon v. Design Development, Inc.*, 143 Vt. 128, 131, 465 A.2d 234, 236 (1983). Thus, if the realtor knew that approval of plaintiffs' mortgage application was contingent on the securing of additional funds, then this knowledge could be imputed to defendants. But this reasoning relates to the interpretation of the financing contingency rather than to the question of whether the contingency had been satisfied. Once the trial court had determined, as a matter of law, what the contingency provision meant, the issues of the agent's knowledge and the agency relationship itself became immaterial to the jury's decision as to whether the contingency had been satisfied. Therefore, the charge given on agency was superfluous.

The agency instruction was not required under these circumstances, but no prejudice has been demonstrated. The instruction was given early in the charge as part of the court's explanation of contract law. No particular emphasis was placed on the agency point, and the jury was not directed to make a finding on the issue. Instead, the jury was instructed explicitly that the only question for its determination was whether the financing contingency, as interpreted by the court, had been satisfied. Finally, the crucial evidence on this question was the testimony by the bank's loan officer and did not relate to agency. Therefore, we find that any error assignable on these facts has not been shown to be prejudicial.

*Affirmed.*