### Simpson Development Corp. v. Cheryl L. Herrmann

[583 A.2d 90]

No. 89-310

Present: Allen, C.J., Peck, Gibson, Dooley and Morse, JJ.

Opinion Filed October 19, 1990

*William H. Meub* and *Geoffrey Commons* of *Kelley, Meub, Powers & English, Ltd.*, Middlebury, for Plaintiff-Appellee.

*Teachout, Brooks, Moore & McNally*, Norwich, for Defendant-Appellant.

**Morse, J.** Cheryl Herrmann, purchaser of a parcel of real estate owned by Simpson Development Corp., appeals a trial court's jury instruction, construing a limitation-of-remedies clause in a way that allowed the jury to award Herrmann the return of her deposit as her sole remedy for Simpson's breach. We affirm.

The material facts are not in dispute. On March 26, 1987, the parties entered into a "design-build" contract involving land located in Hartford, Vermont. Herrmann agreed to pay $325,000 for a lot and a building that Simpson would construct according to mutually acceptable specifications. Herrmann placed $32,500 in escrow as a deposit that was nonrefundable except in limited circumstances.

At issue in this appeal is the provision affecting the return of Herrmann's deposit. That provision stated: "Upon material default by SELLER under the terms and provisions hereof prior to closing, PURCHASER may declare a default hereunder and SELLER shall promptly refund to PURCHASER, as PURCHASER'S sole remedy, the ten percent (10%) deposit paid by PURCHASER to SELLER together with accrued interest."

From April through August of 1987, the parties negotiated the specifications of the design of the building. In May 1988, Simpson filed suit seeking a declaratory judgment that Herr-

mann had breached the contract and that it was entitled to keep her deposit. Herrmann counterclaimed, alleging that Simpson had breached the contract and requesting specific performance and consequential damages. Trial was by jury, which awarded Herrmann the return of her $32,500 deposit as her sole remedy.

Herrmann asserts a number of claims on appeal. First, she contends the limitation-of-remedies provision means that, unless and until she declares a default, her available remedies cannot be limited. Second, she claims that the contract as a whole must be construed to provide her with a fair and reasonable remedy.

With regard to the first contention, we fail to see the logic behind Herrmann's construction of the limitation clause. Relying on the use of the word "may" (i.e., "PURCHASER may declare a default"), she argues that the provision is permissive and binds her only if she elects to declare Simpson in default.

We agree that the provision entitles Herrmann to an election if Simpson breaches the contract: she may declare a default and seek a return of her deposit or she may proceed to perform despite the breach. However, under the plain meaning of this provision, she cannot declare Simpson in default and pursue common-law contract remedies in addition to the return of her deposit.

 Herrmann's argument poses a paradox and is self-defeating when its logic is carried out. Under the limitation-of-remedies provision, if Herrmann declares Simpson to be in default of the contract, she cannot invoke common-law remedies. Yet, in order to prevail at all she must accuse Simpson of breach of the contract. Default is synonymous with breach of contract. Black's Law Dictionary at 171 and 376 (5th ed. 1979). In short, a declaration of default is a *sine qua non* of any remedy.

 Herrmann claims this Court should interpret the clause to preserve her remedies because ambiguous language in a contract must be construed against its drafter. Her argument fails because the language is not ambiguous. See *Isbrandtsen v. North Branch Corp.*, 150 Vt. 575, 577–79, 556 A.2d 81, 83–84 (1988). Although courts may employ rules of construction where language contained within a contract is ambiguous, where no ambiguity is present, the need for construction van-

ishes and the contract language must be given effect in accordance with its plain, ordinary, and popular meaning. *Id.* at 579–80, 556 A.2d at 85.

Herrmann next argues that when a contract is susceptible of multiple interpretations, the one that is more fair and reasonable should govern. *Pike Industries, Inc. v. Middlebury Associates*, 140 Vt. 67, 73, 436 A.2d 725, 728 (1981), *cert. denied*, 455 U.S. 947 (1982). However, because she fails to demonstrate that this contract is ambiguous in any respect, this rule of construction does not come into play.

At trial, Herrmann vaguely alluded to theories that would render suspect the limitation of remedies as applied to her. Arguably, the limitation clause lacked "mutuality," and therefore Herrmann should not be bound by it. See, e.g., *Ocean Dunes of Hutchinson v. Colangelo*, 463 So. 2d 437, 439 (Fla. Dist. Ct. App. 1985) (stating the rule that, although parties to a contract may agree to limit their respective remedies, such limitations must be "mutual, unequivocal and reasonable") (citations and emphasis omitted). Following that rule, the *Ocean Dunes* court held that a clause limiting a buyer's remedy to return of its deposit was unreasonable: all the buyer could get from the contract by way of remedy was its own money, which was not damages "in any meaningful sense" and which rendered the seller's obligation on breach "wholly illusory." *Id.*

However, Herrmann neither presented this theory at trial nor on appeal. The closest Herrmann came to making this argument was an assertion that the limitation on remedies was unreasonable, citing cases not on point. We require that objections to trial court rulings be made with specificity. See V.R.C.P. 51(b); *Sachse v. Lumley*, 147 Vt. 584, 588, 524 A.2d 599, 601 (1987). A specific objection provides the trial court with an opportunity to correct any errors and may make further review by this Court unnecessary. Without a specific objection, however, we will not pass on the propriety of the actions of the lower court.

■ Herrmann's general objections to the trial court's ruling interpreting the meaning of the limitation clause failed to provide the court with a meaningful opportunity to correct any specific errors. Because the term "reasonableness" refers to a

variety of legal doctrines, it cannot serve adequately to put the court on notice of a specific doctrinal challenge to its ruling.

As to Herrmann's remaining arguments—that her limited remedy failed in its essential purpose and that the court enforced an unenforceable penalty clause—we find that they too were not properly preserved for appellate review by this Court. See *id.*

*Affirmed.*