**Joseph DOUCETTE v. Lynn DOUCETTE**

[725 A.2d 901]

No. 97-204

November 4, 1998. Plaintiff appeals in this personal injury action arising out of an automobile-motorcycle accident in

which the jury found that defendant's negligent driving was not the proximate cause of plaintiff's injury. Plaintiff claims that the court erred in admitting evidence of the parties' divorce proceedings and of defendant's diagnosis and treatment for breast cancer because the evidence was irrelevant, and, even if relevant, the probative value was substantially outweighed by the danger of unfair prejudice. We affirm.

We summarize the evidence presented to the jury. The parties were married and had lived together for twenty years. At the end of January 1993, plaintiff filed for divorce. Defendant suspected that plaintiff was having an affair with her friend, Rebecca Glover, but plaintiff repeatedly denied in the family court proceedings that he was involved with Ms. Glover. During the same period, defendant was diagnosed with breast cancer. Defendant had a mastectomy in late April and then chemotherapy treatment going into the summer. At the time of the accident, defendant had lost sixty pounds, much of her strength in her right side and all of her hair.

On August 1, 1993, defendant saw plaintiff riding his motorcycle with a passenger she suspected was Rebecca Glover. Defendant followed plaintiff through the streets of St. Albans. Plaintiff came to a stop at a stop sign, and defendant drove into the rear of plaintiff's motorcycle. The parties agreed that defendant's car did not touch plaintiff or Ms. Glover, and the motorcycle did not fall down.

Plaintiff claimed that defendant was driving at twenty-five miles per hour when she drove into him and that the motorcycle did not fall down because the bumper of defendant's car had ridden on top of the rear tire of the motorcycle. To explain how the bike was standing separate from the car when the police arrived, he maintained that a group of French Canadian motorcyclists drove by the scene and removed the bike from beneath the car bumper. An eyewitness to the accident, who stopped at the scene and remained until the police arrived, testified, however, that there were no motorcyclists at the scene prior to the arrival of the police.

Defendant claimed that she had slowed down to first gear, but her foot slipped off the brake because her legs were shaking due to her illness and due to the anticipated confrontation with her husband. According to defendant, she just bumped into the rear of the motorcycle, causing damage only to the rear fender and license plate.

The report of the emergency medical technician, which was made at the scene of the accident, indicated that plaintiff was alert, walking and had no complaints. Ten minutes later, plaintiff developed back pain and became unresponsive. An ambulance came and took plaintiff to the hospital, where x-rays showed no injury. Although doctors recommended that he stay at the hospital, plaintiff left that day. He returned the next day for further tests, which again showed no injury. In October 1993, after suffering several weeks with a bad cough, plaintiff went to the doctor, who diagnosed him with pneumonia. Plaintiff also indicated to his doctor that the coughing had aggravated his back pain. Plaintiff was referred to a specialist, and x-rays taken in January 1994 showed a defect in the spine.

Plaintiff filed suit alleging that the August 1, 1993 accident caused serious back injury, which plaintiff's expert witness maintained at trial. On cross-examination, however, the expert testified that plaintiff told her he had had no previous back problems and that she had been given no medical records dated prior to the accident. Defendant then introduced numerous medical records indicating that plaintiff had had a long history of back pain prior to the accident. This history included that plaintiff reported falling

from a helicopter onto his back in 1964 and having trouble with his back off and on since then; that his doctor had imposed a weight-lifting restriction of twenty pounds for one week in 1977 due to lower back pain; that he had a series of back x-rays in 1979; that his medical records from a former employer indicated in 1985 that he had chronic back problems; that he had been to a chiropractor for back pain through the late 1980s and early 1990s; and, that two weeks before the accident he had been to his doctor complaining of persistent lower back pain radiating down into his legs for the previous five weeks.

In the meantime, the parties were divorced, and as a result of the final divorce order, plaintiff owes defendant a substantial sum of money. At trial in this action, plaintiff indicated that he had not paid defendant, that he was not prepared to pay her, and that she would have to take further legal action to collect the money he owed her. The evidence further indicated that plaintiff had married Ms. Glover and lived with her in the home that the parties had lived in together.

In the instant action, plaintiff moved for summary judgment, but he filed the response to defendant's opposition three days before trial. The court did not rule on the motion, but at the close of the evidence, granted plaintiff's motion for judgment as a matter of law on the issues of duty and breach — defendant was driving negligently — but submitted the issues of proximate cause and damages to the jury. See *O'Connell v. Killington, Ltd.*, 164 Vt. 73, 76, 665 A.2d 39, 42 (1995) (common-law negligence requires legal duty owed by defendant to plaintiff, breach of duty, breach was proximate cause of plaintiff's harm, and plaintiff suffered actual harm). The jury found that defendant's negligence did not proximately cause plaintiff's lower-back injury, and the court entered judgment for defendant. On appeal, plaintiff maintains

that the court's delay in granting his motion for summary judgment prejudiced him because no evidence of the collision, the presence of his girlfriend, or defendant's medical condition would have been admitted if the motion had been properly granted before trial. We disagree. All of the evidence concerning the collision was relevant to proximate cause, an issue that went to the jury; consequently, plaintiff's claim of prejudice is without merit.

Prior to trial, plaintiff also filed a motion in limine to exclude evidence of the parties' prior relationship, except that they were divorced, and of defendant's diagnosis and treatment for breast cancer. The motion was denied. The court held that the evidence of the parties' divorce proceedings was relevant to plaintiff's motive in bringing the suit and that the evidence of defendant's illness was relevant to why her foot slipped off the brake. On appeal, plaintiff claims that the court erred in denying his motion in limine. Plaintiff claims that the evidence was irrelevant under V.R.E. 402, and even if relevant, the probative value was outweighed by the danger of unfair prejudice under V.R.E. 403.

"The trial court has broad discretion in the admission and exclusion of evidence . . . ." *Ball v. Melsur Corp.*, 161 Vt. 35, 42, 633 A.2d 705, 711 (1993). In general, all relevant evidence is admissible. See V.R.E. 402. "Relevant evidence" is any evidence that tends "to make the existence of any fact that is of consequence to the determination of the action more probable or less probable." V.R.E. 401. The trial court has broad discretion in determining the relevance of any evidence. See *Haynes v. Golub Corp.*, 166 Vt. 228, 236, 692 A.2d 377, 381 (1997). Relevant evidence may be excluded if its probative value is substantially outweighed by an unfair prejudicial effect. See V.R.E. 403. Again, the trial court has broad discretion in ruling on a V.R.E. 403

issue, and the burden of showing an abuse of that discretion is a heavy one. See *Quirion v. Forcier*, 161 Vt. 15, 21, 632 A.2d 365, 369 (1993). Plaintiff has not met this heavy burden.

Plaintiff characterizes this case as a personal injury action arising out of an automobile/motorcycle accident, claiming that none of the evidence of the parties' prior relationship was relevant. We disagree. The accident occurred while the parties were engaged in an acrimonious divorce, which is an indispensable context for understanding the issues in the personal injury suit. The relevant actions and motivations of each party in this case are inextricably entwined with the divorce matter, and cannot be separated out. The jury was called upon to reconstruct the events of the collision, and to make a critical determination as to the proximate cause of plaintiff's claimed injuries. Because much of plaintiff's evidence in this regard was suspect, and was contradicted by defendant's account, the jury's assessment of each party's relative credibility assumed paramount importance. The jury was entitled to consider to what extent the events of the divorce might have caused either party to color his or her testimony about the automobile accident and injury claim. There was no abuse of discretion in holding this evidence relevant, and more probative than prejudicial. See *Lebrecht v. Tuli*, 473 N.E.2d 1322, 1335 (Ill. App. Ct. 1985) (where domestic circumstance of party in personal injury action is relevant, it is admissible).

Similarly, the evidence of defendant's recent diagnosis and treatment for breast cancer was probative of defendant's explanation for the manner in which the collision occurred. Although this evidence arguably has the potential to appeal to the jury's sympathies, considering all the circumstances in this case, we cannot conclude that its admission exceeded the bounds of permissible discretion. See

*State v. Bruyette*, 158 Vt. 21, 31, 604 A.2d 1270, 1274-75 (1992) (in balancing probative value against prejudicial effect, court looks at degree of probative value and extent to which jury will be aroused to hostility by evidence). To the extent that plaintiff claims that the details of defendant's treatment during the spring and early summer were inflammatory and should have been excluded under V.R.E. 403, almost all of this evidence was brought out on cross-examination. Plaintiff's counsel asked in detail about the sequence of testing and treatments and the adverse effects of the chemotherapy. As plaintiff elicited this testimony, he cannot now object on appeal.

*Affirmed.*

**Skoglund, J.,** concurring. I concur in the result reached by the majority but cannot join in the opinion. I cannot see how the timing and consequences of defendant's cancer treatment is relevant in this negligence action, nor can I fathom how this evidence is relevant to the determination of whether the accident was the proximate cause of plaintiff's claim of injury. I would conclude, however, that, in the context of the entire trial, the admission of this evidence was harmless error, given the serious credibility problems in plaintiff's case, particularly on the issue of proximate cause. Plaintiff's case further disintegrated when his expert's testimony was seriously undermined on cross-examination.