STATE OF VERMONT

**SUPERIOR COURT**
**Washington Unit**

**CIVIL DIVISION**
**Docket No. 378-6-16 Wncv**

**DALE PHILLIPS**
**Plaintiff**

FILED

v.

**RICHARD LINTON BROCK and**
**SARAH DAWSON BROCK**
**Defendants**

### Cross-Motions for Summary Judgment: Partial Decision

Plaintiff Dale Phillips and Defendants Richard Linton Brock and Sarah Dawson Brock own lots in a five-lot subdivision created from a parcel of land that once belonged to Heney. Ms. Phillips' parents (the Ferrises) bought the first lot (Lot 1). Mr. Brock's parents subsequently bought Lot 5 and later Lot 2, which are contiguous to each other and to the Ferris lot now owned by Plaintiff. Ms. Phillips seeks a declaratory judgment as to her rights in a certain easement she claims on property originally retained by Heney and now owned by the Brocks.[1] The Brocks claim she does not hold such an easement on three grounds: deed interpretation, equitable estoppel, and adverse possession.

The parties filed motions for summary judgment on all issues which the court denied on the grounds that, while there were many undisputed facts, there were also disputed facts such that a trial on the merits would be needed. At a pretrial conference that took place on August 28, 2017, attorneys for both parties represented that the material facts are undisputed on at least the issue of the existence of the easement on the Brock property as a matter of deed interpretation, and they asked for reconsideration and a decision on that one defense, reserving for subsequent consideration the defenses based on equitable estoppel and adverse possession. This decision addresses the defense based on deed interpretation only.

On September 1, 2017, Defendants' counsel filed a Motion to Supplement and attached an affidavit. Plaintiff's counsel filed an Opposition on September 21st and Defendants' counsel filed a Response on September 27, 2017. The undersigned scanned the text of the memos and it appears that the affidavit relates to the estoppel argument, which is not being ruled upon at this time.

*Undisputed Facts*

In 1972, Heney bought a 64-acre parcel of land in East Montpelier called the Cutler Farm. On May 15, 1975, he received an Act 250 permit to subdivide it into 5 lots and build a

---

[1] Any use to which Ms. Phillips hopes to put the right of way has not been identified. This case concerns whether the easement burdens the Brock land, and does not address any issues about scope of use of the easement.

1200' long road to provide access to the lots in the subdivision. Attached to the permit is an aerial photo with an outline of the whole parcel and an outline of the location of a proposed road. There are no dimensions or distances shown on the photo.[2] Neither the road nor the proposed lots had been surveyed.

In March of 1976, a survey was completed by Defresne-Henry Engineering Corporation showing Lot #1 (not the balance of the whole Cutler Farm lot) and a strip approximately 60 feet wide contiguous to the entire westerly boundary of Lot 1. Its shape and layout is consistent with the outline of the proposed road on the attachment to the Act 250 permit.

On April 6, 1976, Heney conveyed to the Ferrises Lot 1 and the easement at issue in this case. Ms. Phillips claims that the easement granted runs the entire length of the boundary between her Lot 1 and the retained Heney property, which subsequently became Lots 2–5, all abutting the westerly border of Lot 1. The Brocks claim that the right of way created by the deed did not run the entire length of the westerly boundary but for a shorter distance, specifically to the endpoint of the road actually built by Heney, which follows the same route as the easement, along the westerly boundary of the Ferris Lot 1, but stops short at a cul-de-sac. There is no dispute that Ms. Phillips currently has access to Lot 1 from the developed portion of Cutler Heights Road. She also claims a right to the entire length of the deeded easement as she interprets it. The Brocks claim that her deed does not support that interpretation. The question here is solely what the Ferrises acquired in the conveyance from Heney.

The content of the deed is undisputed. Before turning to its terms, it is worth reviewing the law governing interpretation of deeds, which is as follows:

> First, when looking at particular language in a deed, the court must accept the plain meaning of the language and not look to construction aids if the language is not ambiguous. Second, if the court finds some ambiguity in particular language, it must examine the whole instrument, attempting to determine the intent of the drafters from all of the language and using relevant construction aids. If the court then finds the writing is ambiguous, the proper interpretation becomes a question of fact, to be determined on all relevant evidence. If the court does not find the writing ambiguous, it must declare the proper interpretation as a matter of law.

> We allow limited extrinsic evidence of "circumstances surrounding the making of the agreement" in determining whether the writing is ambiguous.

*Kipp v. Chips Estate*, 169 Vt. 102, 107 (1999) (citations omitted).

The deed itself has five separate paragraphs with substantive content.

Paragraph 1 describes the parcel conveyed (Lot #1). It begins by stating that the parcel being conveyed is a portion of the parcel acquired by Heney in the source deed, and goes on to give a specific metes and bounds description of the parcel, including courses, distances, and

---

[2] See Exhibit 1 attached. For an informal, not-to-scale depiction of the history of the relevant subsequent conveyances, see attached Exhibits 1–7.

2

monuments. It uses as a monument a road "referred to below" and identified as Cutler Road which abuts the entire westerly boundary of Lot 1. In paragraph 2 'below' is the following sentence: "Cutler Road is further shown as a right-of-way on a survey referred to below." Paragraph 4 (also 'below') specifically identifies the Dufresne-Henry survey, and although the dates are hard to read, it appears that both the deed and the survey were recorded on April 7, 1976.

Paragraph 2 conveys the easement at issue in this case:

There is also conveyed to the Grantees herein the right to use in common with others for the purposes of ingress and egress and the installation of utility lines from Center Road, so-called, the aforementioned Cutler Road reserving, however, unto the Grantors and their heirs and assigns, the full right to convey similar easements to others for the benefit of other land now owned by the Grantors and also for the benefit of land not owned by the Grantors. The Grantors further reserve unto themselves and their heirs and assigns the right to convey said road to the Town of East Montpelier or otherwise dedicate said land to the public for highway purposes. Cutler Road is further shown as a right-of-way on a survey referred to below.

Based on the cross reference to the Dufresne-Henry survey as showing the location of the easement, which is along the entire westerly boundary, and the related use of Cutler Road as a monument in the metes and bounds description as being along the entire westerly boundary, there is no question that the easement conveyed was along the entire westerly boundary.

What is interesting about the Dufresne-Henry survey is that the distances of Cutler Road, including the extension beyond Heney's Cutler Farm lot to Center Road, add up to approximately 1800 feet, which is significantly more than the 1200-foot length for which a road was permitted by the Act 250 permit. See Exhibit 2. Nonetheless, at the time this deed was given, the Grantor had specific measurements for the easement as shown on the Dufresne-Henry survey, yet still referred to the entire length as "Cutler Road." The word "road" is neutral as to whether it refers to a private road or a public highway. In this deed, at the time, it clearly referred to a private easement for a road, which was possibly subject to a future dedication as a public highway. As a matter of land use, actual construction of a developed road was only permitted for a length of 1200 feet, but that would not necessarily restrict the Grantor from conveying a private easement (even if further action would be needed to construct on it).

Paragraph 3 contains a covenant to the Grantees to build Cutler Road "to the town's specifications for its acceptance on or before October 1, 1976. . . ." This suggests that there had not yet been completed construction of a roadway on the easement.

Paragraph 4 specifically references the Dufresne-Henry survey map, which was recorded apparently simultaneously.

Paragraph 5 states that the conveyance is "subject to a restriction that the sewage-disposal system be constructed in those areas required by the land-use permit issued to the Grantors by

3

District #5 Environmental Commission on May 16, 1975, Case # 5W0334." This is the only reference in the deed to the Act 250 permit.

*Analysis*

The court looks first to the four corners of the deed from Heney to the Ferrises. The deed includes a detailed metes and bounds description of Lot 1's boundaries, about which there is no dispute. The westerly boundary of Lot 1, the line dividing Lot 1 from all of Heney's retained property, is described both by metes and bounds and in relation to the edge of "what is to be known as" Cutler Road, which by this description and the referenced survey runs the length of that boundary. The right of way is conveyed in the next paragraph over the "aforementioned Cutler Road." The paragraph goes on: "Cutler Road is further shown as a right-of-way on a survey referred to below." The simultaneously recorded Dufresne-Henry survey unmistakably shows the Cutler Road right of way extending the entire length of the boundary between Lot 1 and the retained Heney property. Other clauses of the deed do not on their face appear to contradict this intent. There is no apparent ambiguity.

According to the Brocks, given the reference to Cutler Road and the fact that Cutler Road as permitted and built is shorter than the entire westerly boundary of Lot 1, the deed is ambiguous and should be evaluated in the context of relevant extrinsic evidence, which (they argue) shows that the the easement was only intended to extend so far as Cutler Road would later come to be built.

Specifically, they rely on two references in the deed. One is the provision in the deed that references the edge of "what is to be known as 'Cutler Road.'" The deed also represents that Cutler Road would "be built to the town's specifications." They note that the permit application for Cutler Road was for a road only 1200 feet long, which was not nearly as long as the westerly boundary of Lot 1, and that when the road was constructed after the sale of Lot 1 to the Ferrises and later conveyed to the Town of East Montpelier, it followed the path of the easement as described in the Lot 1 deed, but only for a limited length, where it ended in a cul de sac, and where it ends today. The Brocks argue that these references show an ambiguity that is resolved by concluding that the intent of the deed was that the easement was intended to be coextensive with the extent of the permitted road.

This ignores the specific description of the easement, which makes no reference at all to the Act 250 permit, much less cross referencing any of its provisions. Only paragraph 5 refers to the Act 250 permit, and that is in relation to restrictions related to construction of a sewage disposal system.

To use extrinsic evidence at all, the Brocks first must show that the deed itself is ambiguous. "Ambiguity will be found where a writing in and of itself supports a different interpretation from that which appears when it is read in light of the surrounding circumstances, and both interpretations are reasonable." *Isbrandtsen v. N. Branch Corp.*, 150 Vt. 575, 579 (1988).

The deed is not ambiguous on its face and even the extrinsic evidence marshalled by the Brocks does not reasonably permit the court to conclude that the deed language, if that evidence

4

is considered, has a competing, reasonable interpretation. The Brocks essentially point to the *conduct* of Mr. Heney in constructing the road after the conveyance, and argue that his later conduct was inconsistent with the terms of the deed. They ask the court to substitute the apparent purport of that conduct for the plain meaning of the language of the deed. That conduct, however, was not inconsistent with the language of the deed. He identified a location for an easement to serve 5 lots and then applied for permission for part of it to be built, and become a town road. The fact that the balance was not permitted or dedicated as a town highway did not result in an after-the-fact elimination of the easement. He could just as easily have abandoned the project after conveying Lot 1 to the Ferrises and kept the balance of the land without ever having built any road at all. In that case, the easement for the benefit of Lot 1 would still have been a property interest held by the Ferrises and their successors. The fact that permission is obtained for development does not mean that terms of the permit alter property interests properly conveyed. While a permit may restrict uses of a property interest, the permit alone cannot extinguish the interest. Any interpretation based on Heney's subsequent conduct wholly conflicts with the Cutler Road right of way as it unmistakably appears in the words of the deed and the Dufresne-Henry survey.

The court concludes that the Lot 1 deed is not ambiguous as to the length of the easement. At the time of the conveyance, Heney conveyed to the Ferrises for the benefit of Lot 1 a right of way along the entire length of the westerly boundary as shown on the Dufresne-Henry survey. Part of it later became a Town road,[3] but the balance remained as an easement burdening Lots 2 and 5 for the benefit of Lot 1.

Defendants points to the later deed of Lot #5 from Ferris to Brock (Mr. Brock's parents) in which the Grantor covenanted that the premises were free from every encumbrance except as described and the fact that there is no reservation for an easement benefitting Lot #1. However, that was a covenant given by Cyrus Y. Ferris, Jr. alone. He was sole owner of Lot #5, whereas Lot #1 was owned at that time by the Ferris Family Trust. As Grantor of Lot #5, Mr. Ferris may have made a covenant that he could not fulfill and for which he could have been liable for a breach, but that did not have the effect of extinguishing the easement that continued to exist on Lots 2 and 5 for the benefit of Lot #1. It has not been extinguished by any document in the land records. See Exhibits 1–7 attached.

The next step in the process agreed upon by the attorneys and the undersigned at the pretrial conference on August 28, 2017 is to address the Brocks' estoppel defense set forth in their Motion for Summary Judgment. This calls for the court to rule on Plaintiff's claim that some of the evidence relied on by the Defendants is inadmissible under the Rules of Evidence and thus cannot be used. The court will schedule oral argument for the purpose of hearing arguments on any claims of inadmissibility of evidence as well as arguments on the estoppel issue prior to ruling on the issue.

---

[3] In the road deed to the Town, the conveyed, developed portion was described as "Cutler Heights Road," which has been its name since the Town acquired it. While "Cutler Road" was used to describe the entire length of the easement described in the original deed to Lot #1, the shorter portion that became a Town highway became "Cutler Heights Road."

5

With respect to the Motion to Supplement filed by Defendants' counsel on September 1, 2017, while Defendant's counsel should have filed a motion seeking permission to supplement the motion for summary judgment, as Rule 78 (b)(1) does not authorize continual successive filings after a reply (see Reporter's Notes to 2001 Amendment), given the fact that the court had previously determined to address each defense sequentially and the estoppel issue has not yet been addressed, and Plaintiff has responded and oral argument will be scheduled on this issue, the court will consider the motion, opposition, and reply in addressing the estoppel issue. The Defendants' claim on grounds of adverse possession is again deferred.

## ORDER

For the foregoing reasons, that portion of the Brocks' motion for summary judgment that relies on interpretation of the Plaintiff's deed is denied. Oral argument will be scheduled on the issue of the estoppel defense. The attorneys are invited to submit memoranda on issues of admissibility of evidence one week prior to the scheduled argument.

Dated at Montpelier, Vermont this 3rd day of November 2017.

Mary Miles Teachout
Superior Judge

6