VERMONT SUPERIOR COURT
Franklin Unit
17 Church Street
St. Albans VT  05478
802-524-7993
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 25-CV-00092

Michael J. Gosselin Rentals II LLC v. East Shore Drive Properties, LLC

# DECISION ON MOTION TO DISMISS

Plaintiff Michael J. Gosselin Rentals II, LLC ("MJCR") brought this action, seeking to quiet title to beach-front property located on East Shore Drive in St. Albans ("the Property"); it also seeks to clarify the scope of easement rights over that property. Defendant moves to dismiss the complaint on the basis that Plaintiff fails to (1) state a claim for relief (V.R.C.P. 12(b)(6)) and (2) join all parties needed for just adjudication (V.Rs.C.P. 12(b)(7) & 19(a)). The court need not address the latter objection, as it grants the motion on the basis of the former.

MJCR's claim rises and falls on interpretation of the deeds in its chain of title. MJCR included those deeds as exhibits to its complaint; thus, they are properly before the court on this motion. *See Kaplan v. Morgan Stanley & Co., Inc.*, 2009 VT 78, ¶ 10 n.4, 186 Vt. 605.

Plaintiff's deed and corrective deed, attached to the complaint as Exhibits 1 and 2, convey fee interests in two parcels, neither of them the Property. With respect to the Property, both deeds provide:

> Also conveyed herewith by quit claim only are all beach rights and privileges the Granter may have in and to the shores and waters of Lake Champlain, including those rights and privileges conveyed to Gordon Marquette and Alma G. Marquette by Quit Claim Deed of Kenneth B. Cantell and Bernice E. Cantell dated October 2, 1975 and recorded in Book 28, Page 374 of the Land Records of the Town of St. Albans.

This language is clear; it conveys beach rights and privileges, not fee title. MJCR insists, nevertheless, that the reference to the earlier deed from the Cantells to the Marquettes makes clear that it does, in fact, have a fee interest in the property.

The Cantell-to-Marquette deed is Exhibit 5 to the complaint. This is the source from which MJCR's claim flows. That deed reads, in full:

> KNOW ALL MEN BY THESE PRESENTS: THAT we, Kenneth B. Cantell and Bernice E. Cantell, husband and wife of St. Albans, in the County of Franklin and State of Vermont Grantors, in the consideration of one and more Dollars paid to our full satisfaction by Gordon E. Marquette and Alma G. Marquette, husband and wife, as

tenants by the entirety of St. Albans, in the County of Franklin and State of Vermont Grantees, have REMISED, RELEASED; AND FOREVER QUIT CLAIMED unto the said Gordon E. Marquette and Alma G. Marquette, husband and wife, as tenants by the entirety, nad [sic] their heirs or assigns, all right and title which we, Kenneth B. Cantell and Bernice E. Cantell or our heirs have in and to a certain piece of land in St. Albans Town in the County of Franklin and State of Vermont, described as follows, viz;

Being and meaning a grant of beach rights in common with others to be exercised on a certain lot owned by the grantors for this purpose. Said beach and lake shore rights pertain to a certain lot owned by the grantors, said lot being situated diagonally across a certain camp road right-of-way from land and premises owned by the grantees. Said lot is approximately seventy-eight (78) feet wide along the aforementioned right-of-way, seventy-four (74) feet deep on the northern boundary, ninety four (94) feet deep on the southern boundary and approximately seventy-eight (78) feet wide at the shore line. Said lot is bounded generally as follows; on the north by land and premises now or formerly owned by one Paquin; on the south by one Boudreau; on the west by the aforementioned camp road right-of-way; on the east by Lake Champlain.

It is intended by this herein instrument to confirm the grant of beach rights and lake shore rights which have been exercised by the grantees coincidentally with the ownership of a certain lot deeded to Gordon E. Marquette and Anita Marquette by Warranty deed of Kenneth B. Cantell and Bernice E. Cantell, dated October 3, 1957 said deed being on record at Book 22, page 372 of the Land Records of the Town of St. Albans, Vermont.

TO HAVE AND TO HOLD all right and title in and to said quitclaimed premises, with the appurtenances thereof, to the said Gordon E. Marquette and Alma G. Marquette, husband and wife, as tenants by the entirety, and their heirs and assigns forever.

AND FURTHERMORE we the said Kenneth B. Cantell and Bernice E. Cantell, do for ourselves and our heirs, executors and administrators, covenant with the said Gordon E. Marquette and Alma G. Marquette, and their heirs and assigns, that from and after the ensealing of these presents we the said Kenneth B. Cantell and Bernice E. Cantell will have and claim no right in or to the said quit-claimed premises.

MJCR argues that the disclaimer of an interest in the "quitclaimed premises" makes clear that the deed conveys not an easement, but a fee interest in the parcel that is servient to that easement.

Bluntly, this is a dog that will not hunt. The interpretation of a deed is governed by the parties' intent, which in turn is determined by the language they used. *Brault v. Welch*, 2014 VT 44, ¶¶ 11, 13, 196 Vt. 459; *Rowe v. Lavanway*, 2006 VT 47, ¶ 11, 180 Vt. 505 (mem.). "In interpreting a deed, we 'read the entire written instrument as a whole, giving effect to every part so as to understand the words in the context of the full deed. In so doing, we construe the various clauses of the document, wherever possible, so that the deed has a consistent, or harmonious, meaning.' " *Id.* (quoting *Kipp v. Chips Estate*, 169 Vt. 102, 105 (1999)). MJCR's interpretation, however, effectively reads the middle two paragraphs out of the deed. To do so, it relies on an impermissibly narrow definition of the word "premises."

According to Black's Law Dictionary, "premises" is defined as follows:

> 1. *Matters (usu. preliminary facts or statements) previously referred to in the same instrument* <wherefore, premises considered, the plaintiff prays for the following relief>. 2. The part of a deed that describes the land being conveyed, as well as naming the parties and identifying relevant facts or explaining the reasons for the deed. 3. A house or building, along with its grounds; esp., the buildings and land that a shop, restaurant, company, etc. uses <smoking is not allowed on these premises>.

>> "*Premises* (= a house or building) has a curious history in legal usage. Originally, in the sense of things mentioned previously, it denoted the part of a deed that sets forth the names of the grantor and grantee, as well as *the things granted* and the consideration. Then, through hypallage in the early 18th century, it was extended to refer to the subject of a conveyance or bequest as specified in the premises of the deed. Finally, it was extended to refer to a house or building along with its grounds. In short, someone who says, "No alcohol is allowed on these premises," is engaging unconsciously in a popularized legal technicality." Bryan A. Garner, *Garner's Dictionary of Legal Usage* 700 (3d ed. 2011).

Black's Law Dictionary, premises (12th ed. 2024) (emphasis added). Similarly, "premises" is defined (as a noun) in Webster's New World Dictionary (1978) as:

> 1. a previous statement or assertion that serves as the basis for an argument; . . . 2. [*pl.*] a) the part of a deed or lease that states the parties involved, the property in conveyance, and other pertinent facts b) the property so mentioned 3. [*pl.*] a piece of real estate; house or building and its land[.]

MJCR's interpretation of the deed relies exclusively on the third definition of "premises," to the exclusion of the first two. It offers no cogent reason for doing so; indeed, its motion papers make no effort to examine the definition or etymology of the term. Moreover, as suggested above, its interpretation is at odds with the clear intent of the deed, as expressly set forth in the second and third paragraphs. The second paragraph states clearly that the "piece of land" conveyed is "a grant of beach rights"; these rights "pertain to a certain lot owned by the grantors." Lest there be any confusion in this regard, the third paragraph makes clear: "It is intended by this herein instrument to confirm the grant of beach rights and lake shore rights which have been exercised by the grantees . . . ."

There is but one way to interpret this deed that yields a "consistent, harmonious meaning" that "giv[es] effect to every part." "Premises," on which MJCR places such talismanic significance, can only mean "the subject of the conveyance"—here, "a grant of beach rights." The intent to retain ownership of the underlying servient estate is equally clear from the reference to the lot "owned by the

grantors"—not "formerly" or "heretofore," but owned without qualification, as a present and continuing condition.

The court concludes, therefore, that MJCR's deed is clear and unambiguous: at least with respect to the Property, it conveys only "beach rights and privileges." Equally, the source deed from which MJCR's rights flow clearly and unambiguously conveys only "a grant of beach rights." The court notes that were there any ambiguity in this regard, it would appear to be conclusively resolved by the subsequent conduct of the parties to the Cantell-to-Marquette deed. One day after receiving their deed from the Cantells, the Marquettes executed a deed in favor of Edward Hlusko in which, with respect to the Property, they conveyed only "all rights and interest which they may have to the aforementioned beach rights and privileges arising from [the Cantell-to-Marquette deed]." Ex. 6. And a bit over two years later, the Cantells executed a deed in which they clearly and unequivocally conveyed a fee interest in the Property to one of Defendant's predecessors in title; that interest was conveyed "subject to rights of way for ingress and egress in common with others[.]" Exhibit 14 to Complaint. It would appear, then, that the parties to MJCR's source deed understood what MJCR claims not to: that all the Cantells conveyed to the Marquettes was "beach rights." But the court need not resort to this extrinsic evidence, as the Cantell-to-Marquette deed is clear and unambiguous in this regard.

This conclusion obviates the necessity of addressing Defendant's Rule 12(b)(7)/19(a) argument. MJCR has not sought an adjudication of the scope of its beach rights, which it owns "in common with others." There are no others necessary to the adjudication of its claims to fee title. In short, there is no impediment to the court's now declaring that MJCR has no fee title rights to the Property; its rights are limited to "beach rights in common with others."

## **ORDER**

The court grants the motion to dismiss for failure to state a claim. All claims are dismissed with prejudice. This dismissal, of course, is without prejudice to Plaintiff's right to seek an adjudication of the scope of its deeded beach rights, as that is not among the claims asserted here. Whether such an adjudication must include the "others" who evidently share those rights is a matter for another day.

Electronically signed pursuant to V.R.E.F. 9(d): 7/9/2025 3:29 PM

_____
Samuel Hoar, Jr.
Superior Court Judge