Filed 11/03/25

VERMONT SUPERIOR COURT

Franklin Unit
17 Church Street
St. Albans VT  05478
802-524-7993
www.vermontjudiciary.org



CIVIL DIVISION

Case No. 25-CV-00744

---

Melissa St. Pierre et al v. Roberta Morin

---

## ORDER ON MOTION FOR JUDGMENT ON THE PLEADINGS

This matter is before the Court on Defendant Roberta Morin's motion for judgment on the pleadings.  Plaintiff Melissa Kay Perley St. Pierre filed this declaratory relief action, both in her individual capacity and in her capacity as trustee, asking the Court to determine certain rights, duties, and obligations under two deeds executed by grantor Peter Perley and the Peter E. Perley Trust dated May 23, 2016 ("Trust").

Mr. Perley died on May 31, 2023.  The central controversy concerns who has the right, and under what terms, to occupy his former residence, located at 267 West Berkshire Road, in Enosburg Falls, Vermont ("the Property").  Ms. Morin, who was Mr. Perley's romantic partner when he died, argues that the language of two deeds pertinent to this action—deeds from 2016 and 2019—is unambiguous and grants her a life estate.  She asks the Court to grant judgment in her favor.  She also argues that the Court should grant judgment in her favor on her counterclaims related to whether Ms. St. Pierre violated her duties as trustee and who, if anyone, should be disinherited under the no-contest clause in the Trust.  Ms. St. Pierre, who is Mr. Perley's daughter, trustee of his Trust, and the residuary beneficiary of his Trust, opposes the motion and asks for judgment in her favor as to interpretation of the 2016 and 2019 deeds.

Based on the following, the Court denies Defendant's motion and enters judgment in Plaintiff's favor only as to the 2016 and 2019 deeds.  The Court lacks jurisdiction over the remaining claims, which must be heard as an initial matter in the Probate Division.

## Background

Peter E. Perley acquired the Property in 1991.  In 2016, Mr. Perley executed a deed with the following granting clause:

Peter E. Perley . . . in the consideration of ten and more dollars paid to my full satisfaction by, the Peter E. Perley Trust, dated May 23, 2016, . . . do freely GIVE, GRANT[,] SELL, CONVEY and CONFIRM unto the said Grantee, the Peter Perley Trust, dated May 23, 2016, and its successors and assigns forever, SUBJECT TO A RESERVED ENHANCED LIFE ESTATE OF Peter E. Perley, in a certain piece of land in the Town of Enosburg, County of Franklin, State of Vermont.

Pltf's Exh. B ("2016 Deed") (emphasis in original). A "granting clause" is defined as "[t]he words that transfer an interest in a deed or other instrument[.]" Black's Law Dictionary, granting clause (12th ed. 2024).

The following language appears immediately after the legal description of the Property:

Grantor, Peter E. Perley, hereby EXCEPTS AND RESERVES unto for and during my natural life the right to possess, occupy, use and control the entire and whole land and premises as freely, fully and exclusively as I might do if the fee title were to remain in myself, with the exclusive right to occupy, use, sell[,] convey, mortgage, gift with or without consideration, lease or encumber part or all of the subject premises in our sole discretion without joinder of the Grantee.

During Grantor's lifetime, Grantor shall be responsible for payment of all mortgage(s), taxes, utilities, insurance, upkeep and maintenance expenses.

This deed is subordinate to any future mortgage obtained by the Grantor.

Further, this deed gives ROBERTA MORIN a life estate in said residence for as long as she may desire, as long as she resides therein, has no other person residing therein for longer than 30 days in any one (1) calendar year period and she pays all insurance, water, lights, heat, trash, snow removal, groundkeeping, and keeps the property maintained, neat and clean.

2016 Deed. The habendum clause then provides:

TO HAVE AND TO HOLD said granted premises, with all the privileges and appurtenances thereof, to the Grantee, the Peter E. Perley Trust, dated May 23, 2016, and its successors and assigns, to its own use and behoof forever, and I, the said Grantor, Peter E. Perley,  for myself and my heirs, executors and administrators, do covenant with the said Grantee the Peter E. Perley Trust, dated May 23, 2016, and its successors and assigns, that until the ensealing of these presents I am the sole owner of the premises, and have good right and title to convey the same in manner aforesaid, that they are FREE FROM EVERY ENCUMBRANCE; except for the above delineated enhanced life estate, existing easements, restrictions and rights of way of record and as aforesaid[.]

*Id.* (emphasis in original). A "habendum clause" is defined as "[t]he part of an instrument, such as a deed or will, that defines the extent of the interest being granted and any conditions affecting the grant. "The introductory words to the clause are ordinarily *to have and to hold.*" Black's Law Dictionary, habendum clause (12th ed. 2024); *see Kipp v. Estate of Chips*, 169 Vt. 102, 104 n.1 (1999) ("The habendum clause in a deed typically sets forth the estate to be held by the grantee."). "While the granting clause actively transfers the land from the grantor to the grantee/s, the habendum clause seeks to describe the type of title that has been granted." *Kipp*, 169 Vt. at 104 n.1.

In 2019, Mr. Perley executed a second deed regarding the Property. The 2019 Deed is identical to the 2016 Deed except for the language concerning Ms. Morin. In place of the paragraph in the 2016 Deed granting Ms. Morin a life estate, the 2019 Deed states: "The purpose of this deed is to remove the granted life estate to Roberta Morin." Pltf's Exh. C ("2019 Deed").

In her motion, Ms. Morin argues that in the 2016 Deed, Mr. Perley reserved an enhanced life estate in the Property for himself, granted a contingent remainder interest in the Property to the Trust, and then separately granted a conventional life estate in the Property to her. According to Ms. Morin, this gift was complete and revocable only with Ms. Morina's consent when Mr. Perley made it in 2016. Ms. Morin then suggests that in the 2019 Deed, Mr. Perley again reserved an enhanced life estate in the Property for himself, again granted a contingent remainder interest in the Property to the Trust, and failed to unilaterally remove Defendant's life estate in the Property. Under Ms. Morin's argument, the attempt to remove her life estate failed, because she did not sign, consent to, or join in the 2019 Deed. Motion at 3–4.

Ms. St. Pierre argues that the 2016 Deed effectuated Mr. Perley's broader estate plans by conveying the Property to the Trust while reserving to himself an enhanced life estate interest. She points to the plain language of the 2016 Deed to argue that the life estate interest Mr. Perley granted to Ms. Morin at that time was a "future expectancy." Opposition at 3. In 2019, Ms. St. Pierre contends, Mr. Perley validly terminated Ms. Morin's future expectancy by the creation of a new deed expressly removing the life estate to Ms. Morin.

After Mr. Perley died on May 31, 2023, Ms. St. Pierre asked that Mr. Morin vacate the Property. She refused. Plaintiff first filed a case in the Probate Division to clarify the parties' rights to the Property, but that case was dismissed because the issue of the deed interpretation is a civil matter. Ms. St. Pierre then initiated the instant case.

Mr. Perley amended his Trust at the same time he executed the 2019 deed. In that amendment, he amended his bequest of money to Ms. Morin from $10,000 to $15,000. He also added a no contest clause that disinherits any person who contests the Trust.

**Analysis**

A motion for judgment on the pleadings may be granted only when the moving party is entitled to judgment as a matter of law based on the pleadings alone. *Huntington Ingalls Indus., Inc. v. Ace Am. Ins. Co.*, 2022 VT 45, ¶ 17, 217 Vt. 195 (citing *Messier v. Bushman*, 2018 VT 93, ¶ 9, 208 Vt. 261). In deciding the motion, the court assumes "'all well pleaded factual allegations in the nonmovant's pleadings and all reasonable inferences that can be drawn therefrom' are true and 'all contravening assertions in the movant's pleadings' are false." *Id.* (quoting *Thayer v. Herdt*, 155 Vt. 448, 456 (1990)). Where a nonmovant's pleadings contain allegations that, if proved, would permit recovery, a moving party is not entitled to a judgment. *Id.* (citing *Hinsdale v. Sherman*, 171 Vt. 605, 606 (2000) (mem.)); *Knight v. Rower*, 170 Vt. 96, 98 (1999).

I.  Count I of the Complaint and Counterclaim,

The "'master rule for the construction of deeds is that the intention of the parties, when ascertainable from the entire instrument, prevails over technical terms or their formal arrangement.'" *In re Guite*, 2011 VT 58, ¶ 9, 190 Vt. 90 (quoting *Kennedy v. Rutter*, 110 Vt. 332, 338(1939)). To discern the parties' intent, "the court must consider the deed as a whole and give effect to every part contained therein to arrive at a consistent, harmonious meaning, if possible." *Main St. Landing, LLC v. Lake St. Ass'n, Inc.*, 2006 VT 13, ¶ 7, 179 Vt. 583 (citing *Kipp v. Chips Estate*, 169 Vt. 102, 105 (1999)). If the Court determines that the deeds are not ambiguous, "the plain meaning of the language controls without resort to rules of construction or extrinsic evidence." *Id.* (citing *Kipp*, 169 Vt. at 107).

A deed is ambiguous "'if reasonable people could differ as to its interpretation.'" *Sanville v. Town of Albany*, 2022 VT 22, ¶ 15, 216 Vt. 368 (quoting *Brault v. Welch*, 2014 VT 44, ¶ 11, 196 Vt. 459). In the event of an ambiguity, the "interpretation of the parties' intent becomes a question of fact to be determined based on all of the evidence—not only the language of the written instrument, but also evidence concerning its subject matter, its purpose at the time it was executed, and the situations of the parties." *Id.* (citing *Mann v. Levin*, 2004 VT 100, ¶ 17, 177 Vt. 261). "The

determination of whether a deed provision is ambiguous is ultimately a question of law." *Sanville*, 2022 VT 22, ¶ 15.

In this case, a motion for judgment on the pleadings can only be granted if the 2016 and 2019 Deeds are not ambiguous.

Vermont and a handful of other states, including Florida, Maryland, Michigan, and Texas, recognize enhanced life estate deeds, also known as Lady Bird deeds.[1] Title 27, Chapter 6 of the Vermont Statutes Annotated is titled "Enhanced Life Estate Deeds" and provides an optional form for those wishing to create this type of deed. *See* 27 V.S.A. § 660. The statute did not come into effect until July 13, 2020, after Mr. Perley created the 2016 and 2019 Deeds. However, Vermont recognized this type of deed before the statute's enactment. *See Cook v. Coburn*, 2014 VT 45, ¶¶ 3, 11, 196 Vt. 410 (when husband's mother deeded family farm to husband, retaining a life estate as well as power to sell or mortgage the property during her lifetime, "husband's interest was a mere expectancy") (quotation and citation omitted).

The *Cook* Court explained that the deed at issue, also known as a "Lady Bird deed, an enhanced life estate deed, or a transfer-on-death deed," conveyed only a future interest, and those sorts of deeds "are 'designed to avoid probate, as well as creditors.'" *Id.* ¶ 13 n.2 (additional quotations omitted) (quoting *In the Matter of the Estate of Dolores Ann Davis*, 18 Quinnipiac Prob. L.J. 247, 249 (2005)); *see also Willey v. Hammond*, No. 140-8-19 Lecv, 2022 WL 17960123, at *1 n.1 (Vt. Super. Ct. Dec. 14, 2022) (Richardson, J.) ("Ms. Hammond has executed an enhanced life estate deed . . . to her daughter," which means "Ms. Hammond retains much of the elements of ownership and control . . ., including the right to mortgage, sell, subdivide, and use the property as

---

[1] *See, e.g., Hirschenson v. Compu-Link Corp. of MI*, 389 So.3d 574, 576 n.1 (Fla. Dist. Ct. App. 2023) ("The holder of an enhanced life estate retains the power to sell, convey, mortgage, and otherwise manage the property without liability for waste to the remainderman. In other words, the remainderman's interest is at best, vested and subject to defeasance, but arguably contingent.") (internal quotation marks and citation omitted); *Custis v. Custis*, No. C-06-CV-19-000599, 2021 WL 4461715, at *3 & n.1 (Md. Ct. Spec. App. Sept. 29, 2021) ("[A]lthough Marie granted the Property to herself only 'for her life,' she reserved to herself 'the full power' to transfer or encumber the entire Property 'during her life.' The plain language of the 1989 Deed establishes a life estate with powers," also known as a Lady Bird deed.); *Padgett v. Taulbee*, No. 23-0000633-CK, 2024 WL 5160548, at *8 (Mich. Ct. App. Dec. 18, 2024) ("The 'Lady Bird' deed is a deed 'that allows a property owner to transfer ownership of the property to another while retaining the right to hold and occupy the property and use it as if the transferor were still the sole owner.'") (quoting *Bill & Dena Brown Trust v. Garcia*, 880 N.W.2d 269, 271 n.2 (Mich. Ct. App. 2015)); *Anderson v. Campbell*, No. 12-24-00075-CV, 2025 WL 52668, at *5 (Tex. App. Jan. 8, 2025) ("[T]he grantee [of a Lady Bird or enhanced life estate deed] would receive the property upon the grantor's death only if the grantor did not exercise the right to otherwise dispose of the property during her lifetime.").

she sees fit," and her daughter's interest is "future and contingent."). "[T]he basic structure [of enhanced life estate deeds] has been recognized as effective for more than a century, and is generally understood as conveying either a present defeasible interest in the fee or a future contingent interest in the fee." *Sharpe v. Helmer*, No. 727-11-10 Wrcv, 2012 WL 4848664 (Vt. Super. Ct. Mar. 28, 2012) (DiMauro, J.) (citing John C. Newman and Ron R. Morgan, *Tax and Medicaid Planning Aspects of the Standard Vermont Estate Plan-2007 Update*, 33 Vt. B.J. 28 (Winter 2007/2008)).

The provisions of Title 27, Chapter 6 of the Vermont statutes apply to deeds where the "grantor reserves a common law life estate interest in real property while expressly reserving rights such that the deed creates a contingent remainder interest in the grantee." 27 V.S.A. § 652. The grantee of an enhanced life estate deed "acquires a contingent remainder interest such that, prior to the death of the grantor, the grantee has no vested rights in the property." *Id.* § 653(2)(C).

The grantor retains the right to unilaterally revoke or revise an enhanced life estate deed. *Id.* § 656. "Revise" is defined as:

> to change the grantee on an [enhanced life estate] deed and is accomplished when the grantor records a new ELE deed to a grantee other than, or in addition to, the grantee named in the prior ELE deed. **A revised deed supersedes and replaces a prior ELE deed.** To add an additional grantee to an existing ELE deed, the new ELE deed must name all grantees.

*Id.* § 653(6) (emphasis added). "Joinder by, consent to, agreement of, or notice to the grantee of an ELE deed shall not be required for revocation or revision." *Id.* § 656 (b).

In this case it is abundantly clear that the 2016 Deed was an enhanced life estate deed. In the granting clause, Mr. Perley, as grantor, defined the Peter E. Perley Trust, dated May 23, 2016 (Perley Trust"), as the grantee, and clearly stated that the conveyance to the Perley Trust was subject to an enhanced life estate that Mr. Perley was reserving to himself. Then, after providing a legal description of the Property, Mr. Perley again clarified that he was reserving for himself a life estate interest in the Property:

> Grantor, Peter E. Perley, hereby EXCEPTS AND RESERVES unto for and during my natural life the right to possess, occupy, use and control the entire and whole land and premises as freely, fully and exclusively as I might do **if the fee title were to remain in myself, with the exclusive right to occupy, use, sell[,] convey, mortgage, gift with or without consideration, lease or encumber part or all of the subject premises in our sole discretion without joinder of the Grantee**.

2016 Deed (emphasis added). Similarly, in the habendum clause of the 2016 Deed, Mr. Perley clearly stated that he has "good right and title to convey the same in manner aforesaid, that they are FREE FROM EVERY ENCUMBRANCE; except for the above enhanced life estate, existing easements, restrictions and rights of way of record and as aforesaid[.]" *Id.* (emphasis in original). The habendum clause in the 2016 Deed is nearly identical to the form set forth in the statute. 27 V.S.A. § 660.

When a court interprets a deed, it "read[s] the entire written instrument as a whole, giving 'effect to every part' so as to understand the words in the context of the full deed." *Kipp*, 169 Vt. at 105 (quoting *Aiken v. Clark*, 117 Vt. 391, 393 (1952)). This means that the Court is to "construe the various clauses of the document, wherever possible, so that the deed has a consistent, or harmonious, meaning." *Id.* (citing *deNeergaard v. Dillingham*, 123 Vt. 327, 332 (1963)). Rules of construction are adopted for the sole purpose of removing doubts and obscurities so as to get at the meaning intended by the parties." *Aiken*, 117 Vt. at 393.

The parties in this case do not dispute that the 2016 Deed was an enhanced life estate deed as between Mr. Perley and the Trust. They disagree on how to construe the grant of an interest to Ms. Morin. As a result, the key legal dispute in this case is whether an enhanced life estate deed can also contain a separate grant of a pure life estate to another party, where this separate grant is not subject to the reservation of rights that is the foundation of an enhanced life estate deed. Ms. Morin's position is that it can, and that the gift to her was immediate and could not be revoked without her consent. Ms. St. Pierre's position is that it does not under the language in the 2016 Deed and that the gift to Ms. Morin was a future contingent interest just like the gift to the Trust.

The Court turns to the remainder of the language in the deed to construe the deed as a whole to determine whether it is ambiguous. The 2016 Deed creates confusion because the grantor and habendum clauses do not mention the gift to Ms. Morin to clearly categorize it. The gift to Ms. Morin is placed after the reservation that is typical in an enhanced life estate deed and is not referenced anywhere else in the deed.

The 2016 Deed provides that during Mr. Perley's lifetime, he was to "be responsible for payment of all mortgage(s), taxes, utilities, insurance, upkeep and maintenance expenses." It then goes on to state that "This deed is subordinate to any future mortgage obtained by the Grantor." It does not state that the mortgages would be obtained by Grantor and Ms. Morin.

In describing the life estate granted to Ms. Morin, Mr. Perley stated that she was to be responsible for "insurance, water, lights, heat, trash, snow removal, groundkeeping[.]" In addition, Ms. Morin's life estate was conditioned on her living at the Property without anyone else for more than 30 days in a year. Ms. Morin clearly could not live at the Property without anyone else if Mr. Perley was also living at the Property. It would likewise be nonsensical for her to be responsible for the insurance, utilities, groundkeeping, and maintenance of the Property if Mr. Perley was already responsible for these things during his life. If the grant to Ms. Morin went into effect at the time of execution, then she has failed to meet the conditions necessary for her exercise of that life estate.

Ms. Morin's contention that Mr. Perley granted her a vested life estate in 2016 is not borne out by the language of the deed as a whole, as described above. It is also inconsistent with the law of enhanced life estate deeds. The only way to construe the 2016 Deed as a whole, giving effect to every part so that the deed has one consistent meaning, is to find that Defendant's life estate interest in the Property was only an expectancy that would not become ripe, if at all, until Mr. Perley died and his life estate terminated, and that it was contingent on Mr. Perley's decision not to sell, convey, mortgage, or gift the Property otherwise during the life estate he reserved to himself. There is no way to read the 2016 Deed as a whole so as to give away a life estate in 2016 to Ms. Morin.

First, as noted above, she would have violated the conditions of the gift immediately and persistently until Mr. Perley died or stopped paying expenses. Ms. Morin urges the Court to insert additional words into the deed so as to reconcile this clear contradiction. The Court declines to do this because it does not resolve the second issue – Mr. Perley's reservation of rights to himself to sell, convey or mortgage the property would have been rendered meaningless under Ms. Morin's interpretation. Mr. Perley would have needed Ms. Morin's consent to do any of those things under her interpretation of the deed. This interpretation is foundationally inconsistent with the purpose and language of an enhanced life estate deed.

The question before the Court in determining whether the 2016 Deed is ambiguous is whether there is a reasonable alternative reading of the deed. The Court finds there is not. Many of Ms. Morin's efforts to do so in her filings twist the plain language of the 2016 Deed and disregard the longstanding purpose of an enhanced life estate deed. The 2016 Deed is not drafted well. But it is not ambiguous because one reading allows for a single harmonious reading of all

provisions and the other does not. *Main St. Landing, LLC v. Lake St. Ass'n, Inc.*, 2006 VT 13, ¶ 7, 179 Vt. 583.

Because the 2016 Deed granted Ms. Morin a future contingent interest, the 2019 Deed extinguished her expectancy of a life estate in the Property following Mr. Perley's death. After Mr. Perley executed the 2019 Deed, Ms. Morin no longer had a future contingent life estate interest.

The Court concludes that the 2016 Deed and the 2019 Deed are not ambiguous as a matter of law. At Mr. Perley's death, the Perley Trust, as the sole grantee under the 2019 Deed, became the owner of the Property. Ms. Morin has no current right to live in the Property.

Ms. St. Pierre noted in her opposition that she was also asking for judgment as a matter of law. Typically the Court requires a separate motion. However, because both parties had the full opportunity to brief this issue and because this case hinges on a set of uncontested facts and the legal interpretation of those facts, judicial efficiency requires the entry of judgment at this time on Count I of both the complaint and the counterclaim in favor of Ms. St. Pierre, in her role as Trustee.

II. <u>All Other Counts in the Complaint and Counterclaim</u>

The Court's judgment is limited to interpreting the 2016 and 2019 Deeds. As explained more fully below, subject matter jurisdiction over the parties' remaining issues concerning the Perley Trust, the actions of the parties as beneficiaries and trustee, and appropriate distributions from the Trust is in the Probate Division. *See generally* 4 V.S.A. § 35.

Count II of the complaint "seeks a declaration that Defendant's refusal to vacate the Property" violated the "Trust's no-contest clause so that Defendant forfeited her right to receive the $15,000.00 bequest under the Trust."

Count II of the counterclaim seeks the opposite: a declaration that Ms. Morin is still entitled to the $15,000 bequest in the Amendment to the Trust.

Count III of the counterclaim alleges that Ms. St. Pierre violated her duties as trustee by refusing to immediately distribute the $15,000 bequest to Ms. Morin.

Count IV of the counterclaim asks the Court to find that by refusing to immediately distribute the funds, and by conditioning that distribution on Ms. Morin vacating the Property, Ms. St. Pierre in her individual capacity actually violated the Trust's no-contest clause and should be disinherited.

Count V seeks reasonable attorney's fees under Title 14.

What these claims all have in common is that they all deal with "the administration of trusts pursuant to Title 14A." 4 V.S.A. § 35(3). As part of this jurisdiction, the Probate Division can consider declaratory judgments. *Id.* § 35(19). While the Civil Division has broad jurisdiction, matters that are "subject to the jurisdiction of another division" are explicitly excluded. 4 V.S.A. § 31(5).

The Court understands that the Probate Division previously denied a petition filed there because it ruled that the deed dispute is a civil dispute, and was the core of the parties' disagreement. And at that time, the Probate Division was correct – the two counts in the complaint and the petition filed in the Probate Division all depended on the interpretation of the 2016 and 2019 Deeds, which is a matter outside of the Probate Division's more limited jurisdiction. That issue is now resolved, and in turn the other disputes between the parties hinge on the interpretation of the Trust's no contest clause, and whether Ms. St. Pierre breached her duty as trustee. Of course, with the main issues resolved, the Court hopes the parties will endeavor to resolve the issues among themselves. But to the extent the parties cannot resolve the issues, they must originate in the Probate Division. 14A V.S.A. § 203(a) ("The Probate Division of the Superior Court has exclusive jurisdiction of proceedings in this State brought by a trustee or beneficiary concerning the administration of a trust."); 14A V.S.A. Chs. 8 and 10 (addressing the duties and power of trustees, remedies for breaches of trust, and attorney's fees).

Finally, to the extent Ms. Morin seeks attorney's fees, she would not be entitled to them in this Court under any circumstance because she is not the prevailing party.

ORDER

The Court denies Defendant's motion for judgment on the pleadings. The Court enters judgment on count I of the complaint and count I of the counterclaim to Plaintiff.

The Court dismisses all other counts on its own motion because the Court lacks subject matter jurisdiction over these disputes regarding the no-contest clause and Plaintiff's duties as trustee.

Because the Court dismissed the remaining counts without briefing from the parties, any party has twenty-one days to file a motion to reconsider regarding this portion of the Court's

decision. Such a motion must contain citations to specific statutes or case law establishing this Court's jurisdiction to hear these remaining disputes.

Electronically signed on November 2, 2025, pursuant to V.R.E.F. 9(d).

_____
Navah C. Spero
Superior Court Judge